# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIFFANY KEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-1235-JAR-KGG |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION OF
## ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE*

Before the Court is Defendant's motion (Doc. 17) asking for reconsideration of this Court's Order (Doc. 16) granting Plaintiff's motion to admit attorney Caryn Markowitz Groedel *pro hac vice*. (Doc. 16).  Defendant correctly observes that the Court routinely grants such motions without waiting for the customary response time if the application is complaint with the Court's rule (D. Kan. Rule 83.5.4) for an appearance of attorney for a particular case.  It is appropriate, therefore, for the Court to consider an opposing party's objections presented as a motion for reconsideration, because the party did not have an opportunity to object to the original motion.  However, upon consideration of Defendant's motion, the Court denies the motion for reconsideration.

Defendant does not claim in its motion that attorney Groedel has failed to comply with this Court's requirements for admission, or that she is otherwise unqualified under this Court's rules or those of her home bar.  Rather, Defendant complains that attorney Groedel, by ghostwriting Plaintiff's original *pro se* complaint without disclosure of her involvement, violated various ethical rules of the Kansas Supreme Court, adopted by this Court by reference in D. Kan. Rule 83.6.1.  Specifically, Defendant points to Kansas Bar Association Legal Ethics Opinion No. 09-01. This non-binding opinion of the KBA Ethics Advisory Opinion Committee considers the conduct of ghostwriting pleadings in light of several ethical rules, and concludes that although no rule expressly prohibits that practice, a lawyer doing so must write "Prepared with Assistance of Counsel" on the pleadings.  Defendant claims that attorney Groedel's failure to do so violated this Court's ethical rules and that this Court should exercise its discretion to deny her permission to appear in this Court.

The Kansas ethical rules do not expressly prohibit the practice of ghostwriting pleadings without disclosure.  Notably, the KBA opinion expressly disagrees with American Bar Association's Formal Opinion 07-446 on the same subject.  Although the KBA opinion is advisory, there is evidence that the Kansas Supreme Court is in accord in its District Court Rule 115A (applicable in state

2

court) covering limited representation which requires a similar disclosure for pleadings filed *pro se* but written by an attorney.  This Court has previously disapproved the practice of undisclosed ghostwriting.  ***Wesley v. John Stein Buick, Inc***. 897 F.Supp. 884 (D. Kan. 1997).  The Courts have generally expressed concerns about the practice as it relates to the ethical requirement of candor to the tribunal, the danger of circumvention of the requirement of Fed.R.Civ.P. 11, and the effect of applying more generous interpretive standards to apparent, but not actual, *pro se* pleadings.  *See **Duran v. Carris***, 238 F.3d 1268 (10th Cir. 2001).  Because of these considerations, the Court rejects Plaintiff's argument that the concern is limited to the provision of "unbundled services."  The Court concludes that the practice followed by counsel in this case should not be condoned.

The sanction requested by the Defendant, however, is unwarranted.  A direct reading of the Kansas rules may leave counsel, particularly one licensed in another jurisdiction, unclear about the practice.  The direct disagreement between the Kansas Bar and the American Bar aggravates the ambiguity.  There is no evidence that attorney Groedel has harmed her client in this instance.  Any failure of candor created by the original filing has been mitigated as to both Defendant and the Court by her subsequent appearance and the disclosures made in response to this motion.  The Court finds that exercising its discretion to deprive Plaintiff of her chosen

counsel would be unjustified.

Defendant's Motion for Reconsideration (Doc. 17) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of November, 2012.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge