# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIFFANY KEAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-1235-JAR-KGG |
| | ) |
| KOHL'S DEPARTMENT STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Tiffany Kear, filed suit against her former employer, Kohl's Department Stores, Inc. ("Kohl's"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Kansas Act Against Discrimination for: (1) gender discrimination, (2) gender stereotyping, (3) pregnancy discrimination, (4) sexual harassment, (5) retaliation, (6) discrimination under Kansas law, and (7) constructive discharge. This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 14). Defendant seeks dismissal of the retaliation claim for lack of subject matter jurisdiction on the grounds that Plaintiff failed to exhaust her administrative remedies, and Plaintiff's constructive discharge claim for failure to state a claim for which relief may be granted. For the reasons explained in detail below, Defendant's motion is granted.

## I.     Background

Plaintiff alleges in her Complaint that Kohl's discriminated against her based on her sex. Plaintiff worked for Kohl's as an Assistant Store Manager from December of 2004 until September 2010, at the Wichita West Kohl's store location. Plaintiff alleges that throughout her employment, she often expressed to her supervisors her interest in becoming a Store Manager.

In 2009 and 2010, several Store Manager positions became available at various Kohl's stores in and around Wichita, Kansas. Plaintiff applied or expressed her interest in each position by requesting interviews. Plaintiff was denied a promotion to Store Manager on each occasion, and instead, Kohl's hired equally or less qualified individuals \for the Store Manager positions.

Plaintiff further alleges harassment and retaliation. Plaintiff alleges that her employer retaliated against her because she reported sexually harassing remarks made by a Store Manager. After reporting the remarks to her superiors, Plaintiff alleges that she suffered intensified harassment and was subjected to adverse employment actions.

On February 23, 2011, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire in which she checked 'sex' and 'pregnancy' as the basis of her claim for employment discrimination.[1] On April 9, 2011, Plaintiff filed her administrative Charge of Discrimination with the Kansas Human Rights Commission ("KHRC") and the EEOC. In her charge, Plaintiff marked that the alleged discrimination was based on her gender and further narrated that she was passed over for promotion due to her gender.[2] On April 5, 2012, Plaintiff was issued a notice of a right to sue based on this charge.[3]

## II. Retaliation

Defendant moves to dismiss Plaintiff's retaliation claim under Fed. R. Civ. P. 12(b)(1) because she failed to exhaust her administrative remedies. Plaintiff does not dispute that her formal administrative charge does not affirmatively allege retaliation. Plaintiff argues, however,

---

[1] Doc. 20, Ex. 1.

[2] Doc. 1, Ex. 1.

[3] *Id.*

that purely technical arguments do not bar a Title VII claim and that the retaliation claim should be construed as reasonably related to the discrimination charges that she alleged in her EEOC administrative filings.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[4] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[5] "Mere conclusory allegations of jurisdiction are not enough."[6]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[7] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents,

---

[4]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[5]*Montoya*, 296 F.3d at 955.

[6]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[7]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[8] Here, Defendant challenges the facts upon which subject matter jurisdiction over Plaintiff's retaliation claim depends.

Title VII requires that a plaintiff exhaust administrative remedies before filing a discrimination or retaliation lawsuit.[9] In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.[10] In order for a claimant to exhaust administrative remedies, the person must file a charge of discrimination with either the EEOC or an authorized local agency such as the KHRC and receive a right to sue letter based on that charge.[11] The requirement that a Title VII claimant exhaust administrative remedies serves the dual purposes of providing notice of the claims to the charged party and ensuring that the administrative agency has the opportunity to investigate and conciliate the claims.[12] The administrative charge must identify the type of discrimination complained of, the parties involved, and an approximate time period in order for a Title VII charge to be minimally sufficient to satisfy the content of a charge and the notice requirement.[13]

"[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of

---

[8]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[9]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[10]*Id.*

[11]*Rader v. U.S.D. 259 Wichita Pub. Sch.*, 844 F. Supp. 2d 1206, 1210 (D. Kan. 2011).

[12]*Id.*

[13]*Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

4

discrimination submitted to the EEOC."[14] Moreover, "each discrete incident of [discriminatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[15] In other words, the charge must contain facts underlying each unlawful employment practice and a plaintiff must exhaust administrative remedies for each discrete incident of alleged discrimination or retaliation.[16] Once these steps have been completed and the EEOC issues a right to sue notice, the person can then file a lawsuit based on the conduct described in the charge.[17]

Plaintiff filed one Charge of Discrimination with the EEOC on April 4, 2011.[18] Plaintiff's charge contains two sections that bear on the exhaustion issue. First, the 'Discrimination Based On' section is comprised of ten different check-boxes: Race, Color, Sex, Religion, National Origin, Retaliation, Age, Disability, Genetic Information, and Other.[19] In this section, a claimant must mark the appropriate check-boxes to declare each underlying basis of alleged discrimination. Failure to mark a box for a particular allegation of discrimination creates a presumption that a plaintiff did not assert claims represented by unchecked boxes.[20] Here, Plaintiff only marked the 'Sex' check-box and did not mark the check-box for 'Retaliation.'[21]

---

[14] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[15] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

[16] *Jones*, 502 F.3d at 1186.

[17] *Rader*, 844 F. Supp. 2d at 1210.

[18] Doc. 1, Ex. 1.

[19] *Id.*

[20] *Rader*, 844 F. Supp. 2d at 1210.

[21] Doc. 1, Ex. 1.

Therefore, the Court begins with the presumption that Plaintiff did not assert a claim for retaliation.

Second, 'The Particulars Are' section allows a claimant to describe, in narrative form, the particulars of the alleged discrimination. The presumption against Plaintiff's retaliation claim can be rebutted if the narrative portion of the administrative charge clearly sets forth the claim that was left unchecked.[22] Plaintiff's narrative states:

> I was hired by Kohl's on or about December 24, 2004 as an Assistant Store Manager in the Apparel and Accessories Department, and then later moved to the Human Resources Operations Department as an Assistant Store Manager. Over the course of nearly six years of employment with Kohl's, I have applied on numerous occasions for the position of Store Manager, a position for which I am qualified to assume. I have been passed over for promotion to Store Manager while other applicants without caregiver responsibilities and with less experience and/or qualifications were given the position. I believe I have been passed over for promotion to Store Manager because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.[23]

Plaintiff does not mention retaliation or even allude to the retaliatory conduct by her employer that she alleges in the Complaint. Plaintiff's narrative completely fails to describe her reports of alleged sexual harassment by her manager, nor does it discuss any retaliatory conduct by Kohl's. Plaintiff's narrative only relates to gender discrimination and no reasonable reader could conclude that Plaintiff's narrative sets forth a separate claim for retaliation. Therefore, Plaintiff's charge narrative fails to rebut the presumption that she did not assert a retaliation claim.

Plaintiff next asserts that she rebutted the presumption and exhausted her administrative remedies because her retaliation claim is reasonably related to her initial EEOC Intake

---

[22]*Gunnell*, 152 F.3d at 1260.

[23]Doc. 1, Ex. 1.

Questionnaire.[24] Plaintiff argues that her questionnaire documented that she was subjected to a hostile work environment and passed over for promotions which should lead any reasonable investigator to conclude that retaliation occurred due to Plaintiff's complaints about the hostile work environment.

Plaintiff correctly notes that a court may consider, in addition to the formal charge document, other documents provided by the claimant to the EEOC, such as the EEOC Intake Questionnaire.[25] But Plaintiff's Intake Questionnaire would not lead any reasonable investigator to construe retaliation as one of Plaintiff's claims. In the Intake Questionnaire, as with the charge itself, Plaintiff only checked 'Sex' and 'Pregnancy' as the basis for discrimination and left the 'Retaliation' box unchecked. Furthermore, within the various narrative portions of the Intake Questionnaire, Plaintiff did not allege that Kohl's took any retaliatory actions against her or discriminated against her due to her complaints of sexually harassing comments by her Store Manager.

After reviewing the EEOC Charge of Discrimination and the Intake Questionnaire, the Court concludes that Plaintiff failed to exhaust administrative remedies with respect to her retaliation claim. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's retaliation claim and must dismiss the claim.

**III.    Constructive Discharge**

---

[24] After the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the "reasonably related" standard no longer allows administratively unexhausted but reasonably related claims in Title VII actions. Each discrete incident of discriminatory or retaliatory action constitutes its own unlawful employment practice which must be individually administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

[25] *Broxterman v. Falley's, Inc.*, No. 07-2439-JWL, 2008 WL 756084, at *2 (D. Kan. Mar. 20, 2008).

Defendant moves to dismiss Count Seven of Plaintiff's Complaint, in which Plaintiff alleges an independent claim for constructive discharge, for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[26] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[27] As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] Additionally, the facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule 12(b)(6) muster."[29]

Defendant correctly points out that constructive discharge cannot constitute an independent cause of action.[30] Defendant also argues that dismissal is warranted for Plaintiff's attempts to seek damages under a constructive discharge theory because Plaintiff failed to exhaust her administrative remedies. Plaintiff concedes that she cannot maintain an independent cause of action for constructive discharge but argues she can pursue remedies for Title VII

---

[26] *Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[27] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[29] *Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *2 (D. Kan. July 21, 2009) (quoting *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996)).

[30] *Schmidt v. Medicalodges, Inc.*, 492 F. Supp. 2d 1302, 1305 (D. Kan. 2007).

violations, which include damages based on a constructive discharge theory.

"There must be some underlying Title VII violation to support a constructive discharge claim for damages."[31] Here, Plaintiff asserts several discrimination claims that rely on a constructive discharge damages theory. Therefore, the Court grants Defendant's motion to dismiss the independent cause of action for constructive discharge, but will allow Plaintiff the opportunity to assert a constructive discharge theory on her remaining discrimination claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss is GRANTED. Count 5 of the Complaint is dismissed without prejudice and Count 7 is dismissed with prejudice in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated: February 4, 2013

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE

---

[31] *Broxterman*, 2008 WL 756084, at *2.