IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR, )
)
           Plaintiff, )
)
v. ) Case No. 12-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, INC., )
)
           Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's "Motion for Protective Order to Prevent Defendant from Jeopardizing Plaintiff's Current Employment by Issuing an Unnecessary Subpoena." (Doc. 28). Having reviewed the submissions of the parties, the Court **DENIES** Plaintiff's motion.

## FACTS

Plaintiff filed her Civil Complaint against her former employer, Defendant Kohl's Department Stores, Inc. (Doc. 1.) Plaintiff alleges various violations of Title VII, including that she was subjected to gender discrimination, gender "stereotyping," pregnancy discrimination, and hostile environment sexual

1

harassment, retaliation, as well as discrimination under Kansas law, and constructive discharge.

Prior to filing an Answer, Defendant filed its Motion to Dismiss, alleging that Plaintiff failed to exhaust her administrative remedies in regard to her retaliation claim and that her claim for constructive discharge "'cannot constitute an independent cause of action.'" (Doc. 1, at 2, 4 (internal citation omitted).) The District Court granted Defendant's motion, dismissing the retaliation claim without prejudice and the constructive discharge claim with prejudice. (*See* Doc. 49.) Thereafter, Defendant filed its Answer to Plaintiff's Complaint (Doc. 52), generally denying Plaintiff's allegations and causes of action.

After filing its Motion to Dismiss, Defendant notified Plaintiff of its intent to issue a records subpoena to Toys R Us, Plaintiff's current employer. (Doc. 29-1.) The subpoena sought "[a]ny and all documents relating to" Plaintiff and Patrick Jerome Bride, including their "employment records, . . . performance evaluations, documentation of any potential promotions, applications for employment, compensation, . . . medical leave," tax records, and information relating to bonuses. (*Id*., at 4.) Mr. Bride previously worked with Plaintiff a Kohl's and is now also employed by Toys R Us.

After communication between the parties, the following categories of information remain at issue: 1) Plaintiff's employment and personnel records other

than her job application; 2) documentation regarding bonuses, options, stock and compensation plans for management; and 3) the personnel file of Mr. Bride. (Doc. 29, at 5; Doc. 37, at 3-4.) Plaintiff brings the current motion arguing that the subpoena to her current employer could "potentially jeopardize [her] employment" and that much of the requested information is irrelevant. (Doc. 29, at 1-2.)

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>         * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
>         * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id*.; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Plaintiff argues that the subpoena issued by Defendant, her former employer, to Toys R Us, her current employer, should be looked upon with "disfavor" as a "discovery tactic to harass a plaintiff and disrupt his/her current employment." (Doc. 29, at 3, citing **Graham v. Casey's General Stores**, 206 F.R.D. 251 (2002).) Plaintiff also argues that Defendant cannot show relevance of the remaining information at issue. (*Id*., at 5.) Defendant also argues that Plaintiff does not have standing to object to the information requested regarding Mr. Bride. (Doc. 37, at 4-5.)

The Court is sympathetic to Plaintiff's concerns regarding the harassment factor of the subpoena at issue. The potential for misuse of this procedure by a former employer is obvious. Even so, the Court finds that the overriding principle that will determine this issue is whether Defendant has established the relevance of the requested information.

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

"[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34." **Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc**., 211 F.R.D. 658, 622 (D. Kan. 2003) (citations omitted). "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." **Teichgraeber v. Memorial Union Corp. of Emporia State University**, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." **Smith v. MCI Telecommunications Corp.**, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." **Snowden**

*By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991). The issue is not whether the information will be admissible at trial, but whether it meets discovery threshold of relevancy.

Plaintiff's employment records with her current employer are undeniably relevant on their face for a variety of reasons – statements she may have made regarding her past employment, information relating to her potential economic damages, information regarding potential on-going emotional damages, etc. Despite the fact that there is a *potential* for Plaintiff to be annoyed, embarrassed or harassed as a result of the subpoena (*see* Doc. 43, at 2), Plaintiff does not – and cannot – establish that this will actually occur. Thus, this potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested.

The same is true for information requested regarding management employee bonuses, stock, and compensation packages. Plaintiff's requested damages include $122,000 in the form of past lost salary and bonuses from 2010-2012. Defendant anticipates Plaintiff will amend her damages to include the time frame up to trial. (Doc. 37, at 11.) This category of information requested in the subpoena is specifically relevant to Plaintiff's damages claim.

The issue of Mr. Bride's personnel file is a bit more complicated. Defendant argues that Plaintiff does not have standing to object to Defendant's request for Mr. Bride's personnel file. (*Id*., at 4-5.) As this Court has previously held, "[a] motion to quash or modify a subpoena duces tecum may be made only by the party to whom the subpoena is directed." ***Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co***., No. 11-1029-KGG, 2012 WL 3245451, at *2 (D. Kan. Aug. 8, 2012) (citing ***Peterbilt of Great Bend, LLC v. Doonan***, 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (internal citation omitted)). An exception to this rule is when the party challenging the subpoena "has a personal right or privilege in respect to the subject matter requested in the subpoena." ***Smith v. Midland Brake, Inc.***, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also* ***Hertenstein v. Kimberly Home Health Care, Inc.***, 189 F.R.D. 620, 635 (D.Kan. 1999).

Defendant argues that Plaintiff cannot establish that she has a "personal right or privilege" regarding another employee's personnel file. The Court finds, however, that Plaintiff has established a "personal right" in regard to Defendant's request for Mr. Bride's personnel file because of the potential for harassment and interference with her current employment. As such, Plaintiff *does* have standing to object to this portion of the subpoena.

Even so, the information regarding Mr. Bride remains relevant to Plaintiff's claims. Mr. Bride is an individual "alleged to have engaged in the retaliation or

7

discrimination at issue," thus making his personnel records relevant. *White v. Graceland Coll. Ctr for Prof. Dev.*, 586 F. Supp. 2d 1250, 1259 (D. Kan. 2008); *see also* Doc. 1, at ¶¶ 14-17.

Considering the minimal threshold for discovery relevance, the Court **overrules** Plaintiff's objections to the subpoena at issue. Given the claims, categories of damages sought, and defenses raised in this lawsuit, the information at issue could reasonably lead to the discovery of admissible evidence.

IT IS THEREFORE ORDERED the objections raised in Plaintiff's Motion for Protective Order and supporting memorandum (Doc. 28, 29) are overruled as more fully set forth herein. Plaintiff's motion is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE