# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TIFFANY KEAR, )
)
        Plaintiff, )
)
vs. )    Case No. 12-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, )
INC., )
)
        Defendant. )
_____)

## MEMORANDUM AND ORDER

Plaintiff Tiffany Kear filed this civil action against Kohl's Department Stores, Inc. ("Kohl's"), her former employer, alleging several employment discrimination claims under Title VII, including gender discrimination, gender "stereotyping," pregnancy discrimination, hostile environment sexual harassment and retaliation, as well as discrimination under Kansas law and constructive discharge.[1] Before the Court is Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 60); and Defendant's Motion for Leave to File a Surreply to and/or Motion to Strike Plaintiff's Reply Brief in Support of Plaintiff's Motion for Review (Doc. 82). The motions are fully briefed and the Court is prepared to rule. As described more fully below, both motions are denied.

**I.**    **Background**

Defendant notified Plaintiff of a proposed subpoena it intended to issue to Toys R Us, Plaintiff's current employer. The records subpoena sought:

---

[1]Plaintiff's retaliation claim was dismissed without prejudice, and her constructive discharge claim was dismissed with prejudice. *See* Doc. 49.

> Any and all documents relating to [Plaintiff]; and Patrick Jerome Bride . . . including but not limited to employment records, personnel records, correspondence, performance evaluations, documentation of any potential promotions, applications for employment, compensation, bonuses, medical leave, injury, disability, termination and benefit records, W-2s, W-4s and 1099s, from the first date of hire to the present and any and all documents related to employee bonuses, options, restricted stock and any other compensation plans available to store management teams.[2]

Mr. Bride, who is also employed by Toys R Us, previously worked at Kohl's with Plaintiff and allegedly took part in the discrimination against Plaintiff.

The parties resolved their differences concerning some information sought by the subpoena, but a dispute still remained regarding the following categories of information: (1) Plaintiff's employment and personnel records other than her job application; (2) documentation regarding bonuses, options, stock and compensation plans for management; and 3) Bride's personnel file.[3] On December 11, 2012, Plaintiff filed a motion for a protective order,[4] seeking to prevent Defendant from subpoenaing the disputed information. Plaintiff argued that the subpoena to her current employer could "potentially jeopardize [her] employment" and that much of the requested information was irrelevant. On February 20, 2013, Judge Gale denied the protective order, finding that the potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested.[5] Plaintiff now seeks to have this Order reviewed by the District Court.

---

[2] Doc. 29-1, at 4.

[3] Doc 54, at 3.

[4] Doc. 28.

[5] Doc. 54.

2

**II.     Discussion**

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[6] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[7] The Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[8] This includes the several issues raised in the Plaintiff's Reply to Response to Motion,[9] which are the subject of Defendant's motion for leave to file a surreply.

Plaintiff argues that the Order must be set aside because it fails to take into consideration other means of obtaining the relevant information and the obvious risks of allowing a discrimination defendant to subpoena the Plaintiff's current employer. In determining if the magistrate judge's order was improper, the Court must analyze whether he failed to apply or misapplied relevant law pertaining to protective orders. The Plaintiff sought a protective order under Rule 26(c), which states that "[t]he court may, for good cause, issue an order to protect a

---

[6]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[7]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

[8]*Marshall v. Charter*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[9]Doc. 80.

party or person from annoyance, embarrassment, oppression, or undue burden or expense."[10] To establish good cause within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.[11] "[T]he [c]ourt also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order."[12]

The Court finds that Judge Gale did consider the inherent risk the subpoena presented to Plaintiff's current employment. Plaintiff alleges that Judge Gale impermissibly invoked a standard requiring Plaintiff to prove that the harm will actually occur. The Order states that "there is a *potential* for Plaintiff to be annoyed, embarrassed or harassed as a result of the subpoena, . . . [but] Plaintiff does not—and cannot—establish that this will actually occur."[13] Judge Gale's focus on the "potential" for harm was merely a factor considered in balancing the competing interests in this case. Ultimately, Judge Gale found that this potential annoyance to Plaintiff did not outweigh Defendant's showing of the obvious relevance of the information requested. Plaintiff may disagree with the weight given to her concerns, but they were considered in the Order.

Plaintiff also argues that information pertaining to Patrick Bride may be obtained by less burdensome and harassing means. Because Plaintiff did not raise this argument in her initial

---

[10]Fed. R. Civ. P. 26(c)(1). *See Sentry Ins. v. Shivers*, 164 F.R.D. 255 (D. Kan 1996) ("[A] party seeking a protective order also has the burden to show good cause for it.").

[11]*Zhour v. Pittsburg State Univ.*, Case No. 01-2493-KHV, 2002 WL 1932538, * 2 (D. Kan. July 25, 2002).

[12]*Herrera v. Easygates, LLC*, Case No. 11-2558-EFM-GLR, 2012 WL 5289663, at 2 (D. Kan. Oct. 23, 2012) (citing *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995)).

[13]Doc. 54, at 6 (citations omitted).

briefing the Court will not consider it now for the first time.[14]

Finally, Plaintiff argues that the order failed to recognize that the information Defendant sought in the subpoena to Toys R Us pertaining to Plaintiff could be obtained in a less burdensome and harassing manner. Plaintiff and Defendant have engaged in several exchanges concerning this information, and Plaintiff has not yet furnished this information. Moreover, the Court is unpersuaded by Plaintiff's suggestion that Defendant could find the necessary information in public job postings or through deposition testimony. The court did not clearly err in determining that this information could not be obtained in a less burdensome and harassing manner. The Order is not clearly erroneous or contrary to the law and this Court is not left with the definite and firm conviction that a mistake has been committed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 60) is **denied**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Leave to File a Surreply to and/or Motion to Strike Plaintiff's Reply Brief in Support of Plaintiff's Motion for Review (Doc. 82) is **denied** as moot.

**IT IS SO ORDERED.**

Dated: April 30, 2013

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[14]*Marshall*, 75 F.3d at 1426.