IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIFFANY KEAR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1235-JAR-KGG |
| | ) |
| KOHL'S DEPARTMENT STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ON DEFENDANT'S
MOTION TO COMPEL AND FOR SANCTIONS**

This case is before the Court on Defendant's motion requesting an Order compelling Plaintiff to produce certain documents and respond to interrogatories. (Doc. 74.) After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Defendant's motion as more fully set forth below.

**BACKGROUND**

Plaintiff Tiffany Kear was employed by Defendant Kohl's Department Stores, Inc. as an Assistant Store Manager from December 27, 2004, until September 10, 2010, when Plaintiff claims she was constructively discharged. In this action, Plaintiff claims damages for lost wages as well as "mental anguish" and "emotional distress" suffered during her employment with Kohl's. Plaintiff alleges

violations of Title VII of the Civil Rights Act of 1964 in the form of gender discrimination, gender stereotyping, pregnancy discrimination, and hostile environment created by sexual harassment. Plaintiff also claims discrimination under Kansas state law, K.S.A. §44-1001.

Defendant brings the present Motion to Compel (Doc. 74.) to challenge objections Plaintiff raised in response to Defendant's Interrogatories Nos. 4, 11, and 14, and Requests for Production Nos. 10, 15, 16, and 18 and to ask the Court to waive all objections to Interrogatory Nos. 11, 12, 14, 16 and Request for Production Nos. 1, 2, 4, 7, 10, 14-18.

## DISCUSSION

**A.     Standards on Motions to Compel**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible

evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent

3

to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan.1995).

**B.     Timeliness**

Defendant contends that Plaintiff has waived all objections to discovery responses with the exception of Interrogatory Nos. 1-8 on the grounds that the remaining responses were untimely. Under Rule 33(b)(4) of the Federal Rules of Civil Procedure states that an untimely objection may be excused if there is good cause. Plaintiff counsel contends their fax machine malfunctioned by only faxing the pages containing the first eight (8) Interrogatories. Plaintiff minimized the delay caused by the malfunction by providing Defendant the remaining responses by the next business day. Accordingly, the Court finds any harm caused by Plaintiff's untimely response is negligible and holds that Plaintiff's objections are not waived.

**C.     Privilege Log**

Defendant claims that Plaintiff failed to produce a privilege log and therefore waived any objection on that basis. Plaintiff was served the discovery requests on November 29, 2012 and responded on January 14, 2013, after the extended deadline to respond on January 11. Plaintiff asserted attorney work-product doctrine for Request for Production No. 2 and attorney-client privilege for Requests for Production Nos. 4 and 7. Defendant notified Plaintiff on January 15

and 24 that they had not produced a privilege log. A party withholding documents on the grounds of privilege must expressly make the claim of privilege, usually in the form of a privilege log. *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1347754 (D. Kan. May 8, 2007) (citing Fed.R.Civ.P. 26(b)(5)). The party must also make the claim of privilege at the same time the privilege objection is lodged and documents are withheld, otherwise the Court may enforce the sanction of waiver. *Id*.

Plaintiff ultimately produced a privilege log on March 26, 2013, four (4) days after Defendant filed the present motion. Plaintiff provides no explanation for the more than two (2) month delay in emailing their privilege log. In that email, which the Court considers sufficient in form as a privilege log, Plaintiff asserted work-product and attorney-client privilege for one document. Plaintiff claimed this document was produced for counsel 2-3 weeks after Mrs. Kear was constructively discharged on September 10, 2010. However, Mrs. Kear stated in her deposition testimony that she did not meet with an attorney until November 17, 2010. This discrepancy was recognized by the Defendant who accordingly notified the Plaintiff and asked for clarification. Plaintiff's reply stated:

> This has been an extremely lop-sided discovery process. We will produce additional documents once you start engaging in good faith discovery and produce documents and information that has been requested of you and your

client months ago, or after you are compelled to do so.

(Doc. 96, at 5.) This is an inappropriate response. One party's discovery tactics do not excuse the other party from cooperating in the discovery process.[1]

A privilege log must provide sufficient information to allow the other party assess the claimed to privilege. Fed.R.Civ.P. 26(b)(5). Plaintiff cannot invoke work-product or attorney-client privilege for a document that was prepared before Mrs. Kear consulted counsel. This is a valid issue raised by the Defendant that required an explanation by Plaintiff. By refusing to explain the discrepancy, Plaintiff failed to sufficiently establish in its log why work-product or attorney-client privilege would apply to this document. Plaintiff's attempt to explain this discrepancy to the Court in her Response (Doc. 91, at 3.) does not "cure" the inadequate log. Plaintiff's objections are **overruled**. The Court **GRANTS** Defendant's motion in this regard and orders Plaintiff to respond to Requests for Production Nos. 2, 4, and 7 by producing the aforementioned document and all other responsive documents.

**D.    Discovery Requests at Issue**.

Within the general parameters discussed, the Court will address the various discovery requests at issue. Each will be discussed in turn.

---

[1] Plaintiff repeats this error in her response. (Doc. 91, at 3-4.)

### 1. Interrogatory No. 4

Defendant has requested that Plaintiff identify all health care providers and/or facilities that have treated/examined Plaintiff in the past seven (7) years. Plaintiff contends the request is irrelevant, not likely to lead to admissible evidence, requests privileged and confidential information, and the confidentiality of her medical records and her physician-patient privilege are not waived because she seeks only "garden variety" emotional damages.

Plaintiff asserts that physician-patient privilege protects the requested information from discovery. By bringing a cause of action under federal law, the privilege Plaintiff asserts is governed by Federal Rule of Evidence 501. Under Rule 501, privileges will be "governed by the principles of common law as they may be interpreted by the courts of the United States." *Becker v. Securitas Sec. Servs. USA, Inc.,* 06-2226-KHV-DJW, 2007 WL 677711 (D. Kan. Mar. 2, 2007) Physician-patient privilege has not been recognized under federal common law by either the Supreme Court or the Tenth Circuit. *Kubie v. Target Corp.*, No. CIVA09CV00669ZLWKMT, 2009 WL 5216943 (D. Colo. Dec. 30, 2009) (citations omitted). Additionally, confidentiality does not generally bar information from discovery. *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 4008009, at *2 (D. Kan. July 29, 2011) (citations omitted). Thus, the

requested information is not protected from discovery by objections of privilege and confidentiality asserted by Plaintiff.

Information regarding medical and health care providers is relevant to a claim asserting emotional damages. Narrowing a claim of emotional damages to "garden variety" emotional damages does not prevent discovery of medical information on grounds of relevancy or privilege in this case. The District of Kansas has held that "information on Plaintiff's medical and health care providers and records relating to her medical care, treatment and counseling are relevant to the claims [Plaintiff] seeks to assert for her 'garden variety' emotional damages under Title VII." *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 60 (D. Kan. 2004). Claiming "garden variety" emotional distress may narrow the scope of discovery in specific instances, but this is not one of them. "Garden variety" emotional distress can exempt a plaintiff from being subjected to a mental examination. *Id.* It may also prevent disclosure of information protected under pyschotherapist-patient privilege. *John v. Napolitano,* 274 F.R.D. 12 (D. D.C. 2011); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225-26 (D. N.J. 2000). However, psychotherapist-patient privilege is recognized under federal common law while physician-patient privilege is not. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) In this case, there is no indication that Plaintiff has sought the services of a

psychotherapist. Therefore, the information sought in this interrogatory is both relevant and not privileged. Accordingly, the Plaintiff's objections are **overruled** and Defendant's motion is **GRANTED** in regard to interrogatory No. 4. The Court orders Plaintiff to respond to Interrogatory No. 4 within **thirty (30) days**.[2]

    2.    **Interrogatory No. 11.**

Defendant has requested that Plaintiff identify all income or monies applied for and/or received in the last five (5) years and complete a Consent For Release of Information to the Social Security Administration. Plaintiff contends the request its overly broad and seeks information that is irrelevant but has supplemented her answer stating that she has not held a second job or earned any other income in the past five years. (Doc. 91, at 5.) Despite Plaintiff's supplemental answer, Defendant's request for information regarding all income or monies *applied for* may reveal information relevant in determining Plaintiff's damages. Therefore, Defendant's motion is **GRANTED** in regard to Interrogatory No. 11. The Court orders Plaintiff to respond within **thirty (30) days** to Interrogatory No. 11 by identifying all income applied for in the last five (5) years. The Court also orders Plaintiff to draft the supplemented answer to Interrogatory 11 in the format of a

---

[2] The Court will not compel Plaintiff to execute the HIPAA Compliant Authorization for Release of Information per Defendant's request for the reasons stated under heading "Interrogatory 11".

formal discovery response.

The Court will not order Plaintiff to execute a Consent For Release of Information to the Social Security Administration per Defendant's request. Rule 45 of the Federal Rules of Civil Procedure governs the acquisition of records from nonparties. The rule includes a requirement that a subpoena requesting the production of documents be proceeded by a notice to each party, Fed. R. Civ. Proc. 45(b)(1), thus providing other parties an opportunity to object to the issuance of the subpoena by proper motion. The Rule also provides protections to the subject non-party. Fed. R. Civ. Proc. 45(c). After notice, a party can challenge the appropriateness of the subpoena by motion. Fed. R. Civ. Proc. 45(c)(3). If a subpoenaed party fails to respond, the Court may issue an order to enforce the subpoena. Fed. R. Civ. Proc. 45(c)(3). The Court will not issue an order to execute a Consent For Release of Information because such an order would effectively bypass Rule 45 procedures and protections.[3] *See Spraggins v. Sumner Reg'l Med. Ctr.*, 10-2276-WEB KGG, 2010 WL 5137439 (D. Kan. Dec. 10, 2010)

### 3. **Interrogatory No. 14**.

Defendant has requested that Plaintiff describe any statements made on behalf of Defendant that would constitute as an admission under applicable law

---

[3] The Court encourages the use of voluntary consent forms and/or agreed orders as efficient and less-expensive means for obtaining such records. *See* Fed.R.Civ.Proc. 1

and identify the date, location, and persons present when such statements were made. Plaintiff objects that the request seeks a legal opinion and analysis.

> Under Fed.R.Civ.P. 33(a)(2), '[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application or law to fact.' Thus, to the extent plaintiffs contend that interrogatories may never seek legal opinions, they are incorrect. '[T]he only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the case.'

*In re Motor Fuel Temperature Sales Practices Litigation*, No. 07-1840-KHV, 2009 WL 3045718, at *2 (D. Kan. Sept. 21, 2009) (internal citations omitted). The legal opinions or conclusions sought by the Defendant, if any, are clearly related to the facts of this case. The Plaintiff's objection is **overruled** and Defendant's motion is **GRANTED** as to Interrogatory No. 14. The Court orders Plaintiff to respond to Interrogatory No. 14 within **thirty (30) days**.

### 4. Request For Production No. 10.

Defendant has requested that Plaintiff provide her federal and state tax returns for the past five (5) years. Plaintiff objects that the document request is overly broad because the documents Defendant seeks pertain to her husband, income from investments or otherwise which are irrelevant, the documents are confidential, and the relevant financial information and documentation is limited to

Plaintiff's wages and benefits from Kohl's and her post-Kohl's employment, which have already been produced.

"[T]ax returns are not generally discoverable, and there is a public policy against exposure of production of them." *Winchester v. Lester's of Minn., Inc.*, No. CIV. A. 88-2586, 1990 WL 126827, at *1 (D. Kan. Aug. 1, 1990) (citations omitted)

> The Courts have developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily available.

*Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) (citing *Audiotext Communications Network, Inc. V. U.S. Telecom, Inc.*, Case No. 94-2395, 1995 WL 625962, at *11(D. Kan. Oct. 5, 1995)) (internal quotations omitted).

Defendant has met the burden of relevancy by showing tax returns would reveal Plaintiff's income. In her response, Plaintiff has indicated that the relevant information contained in the tax return would be found in her W-2 which has already been provided. Additionally, Plaintiff has indicated in her supplemented

answer to Interrogatory 11 that she has not held a second job or earned other income in the past five years. Taking this into account, compelling production of Plaintiff's tax returns is unlikely to reveal any relevant information related to income outside of the information already provided in her W-2. (Doc. 91, at 5) The Court finds that Plaintiff's W-2 likely provides sufficient information to calculate all of her damages from lost wages. Accordingly, the Court **sustains** Plaintiff's objection and **DENIES** Defendant's motion in regard to Request for Production No. 10.

     5.     **Request for Production No. 15**.

Defendant has requested Plaintiff provide all documents in her possession referencing medications, whether prescribed or over the counter, for the last seven (7) years. Plaintiff objects that the information sought is confidential and privileged and that the confidential or privileged nature of these documents was not waived by asserting a "garden variety" emotional damages claim. As previously stated, physician-patient privilege is not recognized under federal common law. Also, information is not shielded from discovery on the sole basis that the information is confidential. *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 643 (D. Kan. 2003). Accordingly, Plaintiff's objection is **overruled** and Defendant's motion is **GRANTED** as to Request for Production No. 15. The

13

Court orders Plaintiff to respond to Request for Production No. 15 within **thirty (30) days**.

      6.      **Request for Production No. 16**

Defendant has requested all documents relating to any condition or circumstances that rendered Plaintiff unable to work during her employment with Defendant through present including all documents related to Plaintiff's pregnancies and miscarriage. Plaintiff objects that the request is overly broad, seeks documents that are irrelevant, that the requested documents are confidential and privileged, and the confidential or privileged nature of these documents are not waived by asserting a "garden variety" emotional damages claim. Plaintiff also contends that the pregnancy-related documents are irrelevant since she has not asserted an FMLA or disability claim.

The Court finds relevancy to be an issue here. Defendant has not established, or even argued why documents relating to circumstances or conditions that rendered Plaintiff *unable to work* are relevant. Rather, Defendant argued that a sub-category of documents, Plaintiff's medical records, within this larger category of requested of documents may be relevant for a different reason. While it is apparent to the Court that Plaintiff's medical records are relevant, it is less apparent why the broader category of documents identified in the request are

relevant. If Defendant has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan..1995). Because Defendant has failed to establish the relevancy of these documents, the Court **sustains** Plaintiff's objection and **DENIES** Defendant's motion as to Request for Production No. 16.

    7.    **Request for Production No. 18**.

Defendant has requested Plaintiff's Twitter and Facebook account data between her date of hire through present. Plaintiff objects that the request seeks documents that are irrelevant. Given the broad scope of relevancy in the discovery process, the Court finds that Plaintiff's activity on social media sites may lead to relevant information regarding alleged discrimination and harassment. Defendant has sufficiently limited the scope of this request by seeking limited access during the relevant time frame rather than seeking unfettered or unlimited access to Plaintiff's social media accounts. *Held v. Ferrellgas, Inc.*, 10-2393-EFM, 2011 WL 3896513 (D. Kan. Aug. 31, 2011). Therefore, Plaintiff's objection is **overruled** and Defendant's motion is **GRANTED** as to Request for Production No. 18. The Court orders Plaintiff to respond to Request for Production No. 18 within **thirty (30) days**.

**E.**    **Sanctions**.

Defendant argues sanctions against Plaintiff should be granted under Fed.R.Civ.P. 37(a)(5), which states that if a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Further, "the court must not order payment" when the nonmovant's conduct was "substantially justified . . . ." The Court finds that the issues between the parties were, for the most part, reasonable, thus substantially justified. Because the Court has granted portions of Defendant's motion while denying others, sanctions will not be appropriate. This portion of Defendant's motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel and for Sanctions (Doc. 74.) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

Dated at Wichita, Kansas, on this 18th day of June, 2013.

                                             S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge