# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIFFANY KEAR | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1235-JAR-KGG |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM ON PLAINTIFF'S
## MOTION TO COMPEL

This case is before the Court on Plaintiff's motion requesting an Order compelling Defendant to produce certain documents and respond to interrogatories. (Doc. 78.)  After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth below.  Also before the Court is Defendant's Motion to Stay Certain Discovery Pending Decision on Motion for Summary Judgment (Doc. 110), which the Court **DENIES** for the reasons set forth herein.

## BACKGROUND

Plaintiff Tiffany Kear was employed by Defendant Kohl's Department Stores, Inc. as an Assistant Store Manager from December 27, 2004, until

September 10, 2010, when Plaintiff claims she was constructively discharged.  In this action, Plaintiff claims damages for lost wages as well as "mental anguish" and "emotional distress" suffered during her employment with Kohl's.  Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 in the form of gender discrimination, gender stereotyping, pregnancy discrimination, and hostile environment created by sexual harassment.  Plaintiff also claims discrimination under Kansas state law, K.S.A. §44-1001.

Plaintiff brings the present Motion to Compel (Doc. 78.) to challenge objections Defendant raised in response to Requests for Production Nos. 1, 2, 3, 5, 8, 9, 11, 12, 13, 14, 16, 17 and Interrogatories Nos. 4, 5, 6, 7, 8.

In addition, Defendant brings its Motion to Stay Certain Discovery Pending Decision on Motion for Summary Judgment (Doc. 110).  Defendant argues that Plaintiff failed to exhaust her administrative remedies regarding her claim of hostile environment sexual harassment.  As such, Defendant contends that discovery relating to that issue is wasteful and burdensome.

## DISCUSSION

I. **Motion to Compel**.

    A. **Standards on Motions to Compel.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party . . .

Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." As such,

the requested information must be both nonprivileged and relevant to be

discoverable.

**B.    Defendant's Objections.**

Defendant poses the following objections their responses to Requests for

Production Nos. 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 17, 18, 20 and Interrogatories

Nos. 4, 5, 6, 7 , 8, 12, 15, 16, 17, 18.  The objection is stated as follows: "This

[Request] is overbroad, unduly burdensome, oppressive, and propounded for the

purpose of harassment."  Defendant also raises numerous objections of relevancy

in their responses.  Due to the numerous objections on these grounds, the Court

will discuss these objections generally and apply the rule to each specific discovery

request at issue.

**1.    Relevancy.**

The scope of discovery "is limited only by relevance and burdensomeness,

and in an EEOC case the discovery scope is extensive."  ***Rich v. Martin Marietta***

***Corp.***, 522 F.2d 333, 343 (10th Cir. 1975)."'Discovery relevance is minimal

relevance,' which means it is possible and reasonably calculated that the request

will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Although the scope of discovery is broad, it is not unlimited. If the proponent has

failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. ***Gheesling v. Chater***, 162 F.R.D. 649 (D. Kan.1995).

### 2. Temporal scope.

Plaintiff has limited the temporal scope of her requests from January 2005, when her employment with Kohl's commenced, to present. Defendant contends that the temporal scope should be limited to the 2009 and 2010, the period between when Plaintiff first applied for a Store Manager position in 2009 and when Plaintiff last sought promotion in 2010. The Court finds that the temporal scope between January 1, 2005, to September 10, 2012, is appropriate. Plaintiff had made it known to her superiors at Kohl's that she desired to be promoted to Store Manager prior to 2009, thus information concerning events leading up to Plaintiff applying for promotion in 2009 are relevant. Information regarding Defendant's actions after Plaintiff's constructive discharge may also be relevant in terms of promotion practices and treatment of other employees. Therefore, the time period between January 1, 2005, to September 10, 2012, is the appropriate scope for these requests.

### 3. Geographic scope.

Plaintiff argues that the appropriate geographic scope is the entire United States but in some requests has limited the scope to Kohl's Districts 14 and 34.

Defendant argues that the geographic scope should be limited to Plaintiff's employing unit, the West Wichita Kohl's. The Court finds the entire United States is too broad of a geographic scope for discovery in this case. The geographic scope of discovery would, however, be too narrow if confined to the West Wichita Kohl's.

Defendant noted that discovery may be expanded beyond Plaintiff's employing unit if "plaintiff can show a 'more particularized need for, and the likely relevance of, broader information.'" *McBride v. Medicalodges, Inc*., 250 F.R.D. 581, 585 (D. Kan. 2008) (internal citation omitted). Plaintiff has shown the likely relevance of information in districts, regions, and territories overseen by District Manager Scott Link, Vice President-Regional Manager Peter Riley, and Territory Human Resources Executive Jolene Christensen, by indicating that these supervisors held positions overseeing Plaintiff's potential promotion. The Court therefore finds that the appropriate geographic scope of discovery is the areas under the these decision-makers' supervision because the corporate decisions and actions in these areas are likely relevant to Plaintiff's claim regarding employee promotion and potential discriminatory behavior.

### 4. Overbreadth.

"Relevance is broadly construed at the discovery stage of the litigation and a

request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). The party resisting discovery has the burden to support his or her objection unless the request is overly broad on its face. *Allianz Ins. Co. V. Surface Specialties, Inc.*, CIV.A.03-2470-CM-DJW, 2005 WL 44534 (D. Kan. Jan. 7, 2005). "When the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D.Kan. 2006).

> **5.    Burdensomeness.**

> As the party objecting to discovery, defendants 'have the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.' The 'mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion.

*Payless Shoesource Worldwide, Inc. v. Target Corp.*, CIV.A. 05-4023-JAR, 2006 WL 6225139 (D. Kan. Nov. 17, 2006) (internal citations omitted). Defendant must meet an "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the

requested documents." *Id.*

Defendant's unduly burdensome objections rely largely on the following statement: "This is a single plaintiff case arising from the employment of Plaintiff at a single department store. Kohl's is a national company with more than 1,000 stores in 49 states and approximately 140,000 employees." Stating the size of a company is insufficient to support an assertion that providing the requested information would be unduly burdensome. *See **Bryant v. Farmers Ins. Co., Inc**.*, CIV.A.01-02390-CM, 2002 WL 1796045 (D. Kan. July 31, 2002). Defendant has not sufficiently detailed the burden these requests would impose in terms of time, money, and procedure for any of their objections. Therefore, the Court **overrules** all of Defendant's objections on the grounds that the requests are unduly burdensome.

### 6.    Oppressiveness.

A general objection that a request is oppressive will not constitute a valid objection to a request without the objecting party offering evidence or making a showing of how, specifically, the request is oppressive given the liberal construction afforded the federal discovery rules. ***Hammand v. Lowe's Home Centers, Inc***., 216 F.R.D. 666, 672 (D. Kan. 2003). Defendant has failed to provide any evidence that any of the requests are oppressive. The Court therefore

**overrules** Defendant's objections that the requests are oppressive.

### 7. Propounded for the Purpose of Harassment.

The Court does not find that any of Plaintiff's discovery requests are propounded for the purpose of harassment. The scope of discoverable information is broad and Plaintiff's use of the discovery process to request the subject information is not abusive. The Court finds Plaintiff's requests to be generally appropriate. Defendant's objections on the grounds that requests are propounded for the purpose of harassment are **overruled**.

### C. Discovery Requests at Issue.

Within the general parameters discussed, the Court will address the various discovery requests at issue. Each will be discussed in turn.

### 1. Request for Production Nos. 1 & 11.

Request No. 1 seeks all employment-related documents (specifically enumerated by Plaintiff) for Plaintiff, Tom Baumhover, Scott Wurzbacher, Patrick Bride, Quentin Cox, Dennis Abrams, Jeff Keeler, Michael Brogdin, Peter Riley, Eric Newell, Amanda Cash and all other individuals who have been employed by Kohl's as an Assistant Store Manager and/or Store Manager in Districts 14 and/or 34 at any times between January 1, 2005, and September 10, 2012. Request No. 11 asks for all employment related documents, excluding statutorily confidential

information, for every individual who received a Store Manager position in Districts 14 and/or 34 at any and all times between January 1, 2005, and September 10, 2012. Defendant objects that these Requests are overbroad, unduly burdensome, oppressive, propounded for the purpose of harassment, irrelevant, and vague/ambiguous. For the reasons previously discussed, the Court does not find the requests are overbroad, unduly burdensome, oppressive, or propounded for the purpose of harassment.

Plaintiff claims that Defendant only produced some of the documents from the personnel files requested. Plaintiff has clarified in footnote two (2) of her memorandum that the phrase "employment-related documents" has been employed "because Kohl's will not say what it is willing to turn over from personnel files and whether or not the personnel files are complete." (Doc. 79 at 5). Defendant claims that they have produced the full personnel files for Jerome Patrick Bride, Quentin Cox, Dennis Abrams, Michael Brogdin, Amanda McKee, Amanda Cash, Scott Wurzbacher, and Eric Newell, and that Plaintiff fails to cite any evidence that the personnel files are incomplete. The Court, however, fails to see how Plaintiff could provide evidence that the personnel files are incomplete if they are unaware of what documents are contained within the personnel files. Plaintiff has shown that either the personnel files are incomplete or the documents typically contained

in these files are contained elsewhere.  For example, Patrick Bride's and Dennis

Abrams' resignations were not produced as part of their personnel files.  These

documents are relevant to Plaintiff's claims because Bride was in a position to

promote her and Abrams allegedly harassed her.  It appears to the Court that

Kohl's is hiding the ball in regard to the requested information.  The Court

therefore orders the production of all documents typically held within company

personnel files as defined under the term "employment-related documents."

Tom Baumhover's employment related documents are relevant regardless of

the outcome of Defendant's Motion for Summary Judgment regarding the

timeliness of Plaintiff's sexual harassment claim.  (Doc. 102).  Baumhover was the

West Wichita Kohl's Store Manager and Plaintiff's supervisor for a period during

her employment.  Plaintiff apparently expressed her interest in being promoted to

Store Manager to him.  (Doc. 1 at 2).  Additionally, Plaintiff claims he required

Plaintiff to sign and date Individual Development Plans (documents used by

Kohl's in evaluating employees for possible promotions) that he had prepared for

Plaintiff.  Baumhover also allegedly discouraged Plaintiff from documenting that

her goal was to be promoted to Store Manager on her Individual Development

Plan.  (Doc. 1 at 5).  The Court thus finds employment-related documents for Tom

Baumhover are relevant to Plaintiff's claims alleging Defendant wrongfully

refused to promote her.

The Court finds employment-related documents for Jeff Keeler to be irrelevant. Keeler, a Human Resources employee for Defendant, did not receive a promotion instead of Plaintiff. Also, he was not responsible for Plaintiff's promotion opportunities. The only facts offered by Plaintiff that Keeler's employment-related documents are relevant is that he was the recipient of her internal complaint under Defendant's reporting procedure. Although documents related to the complaint may be relevant, a request for all of Keeler's employment-related documents clearly goes beyond this. This portion of Plaintiff's request is, therefore, **DENIED**.

Information related to all Store Managers and Assistant Store Managers in Districts 14 and/or 34 is relevant. Plaintiff's case requires a showing that she was treated differently than other Assistant Store Managers when seeking a promotion to Store Manager. Plaintiff identified employees called the "decision makers" who were in control of Plaintiff's promotional opportunities. They are District Manager Scott Link, Vice President-Regional Manager Peter Riley, and Territory Human Resources Executive Jolene Christensen. These individuals control the promotional opportunities of other Assistant Store Managers and Store Managers. Other Assistant Store Managers and Store Managers may have been subject to the

discriminatory promotional practices under these "decision makers." Accordingly, the Court finds employment-related documents of these Store Managers and Assistant Store Managers to be relevant. The geographic scope of this request is appropriate since District 14 and 34 would be under the supervision of Peter Riley.

The Court **GRANTS** Plaintiff's Request for Production Nos. 1 and 11 for all employment-related documents requested except for those relating to Jeff Keeler. The Court orders Defendant to respond to these Requests within **thirty (30) days**.

### 2. Request for Production No. 2.

Plaintiff's original Request for Production No. 2 requests all electronic data created on computers utilized by the individuals referenced in Request No. 1 at any and all times between January 1, 2005, and September 10, 2012. Plaintiff modified this Request to seek all emails containing Kear's name and/or the names of any/all of the men who were given Store Manager positions for which she applied. Defendant objects that the original Request No. 2 is overly broad, irrelevant, and unduly burdensome. Defendant also objects that the modified Request No. 2 is vague/ambiguous, argumentative, and preemptively asserts attorney-client privilege and work product doctrine. Defendant additionally objects to the modified Request to the extent it fails to identify the email custodians whose email should be searched. For the reasons discussed, *supra*, the Court does not find the

Request to be unduly burdensome, oppressive, or propounded for the purpose of harassment.

Defendant argues that Plaintiff's request is overbroad because it does not specify which email custodians should be searched. The Court finds that the relevant information is most likely to be found in the districts, regions, and territories overseen by the "decision makers." Therefore, the email custodians that will be searched include "decision makers" Scott Link, Peter Riley, and Jolene Christensen, as well as all employees within Districts 14 and 34 (including District Managers), and Jeff Keeler from January 1, 2005, to September 10, 2012.

Plaintiff and Defendant have been at odds in determining which search terms shall be used in this request. In responding to this request, Defendant searched Tiffany Kear, Dennis Abrams, and Mike Brogdin. Plaintiff then sent Defendant a list of search terms that she felt was appropriate. Neither of the set of terms offered by either party adequately reflect the terms requested in the modified request. Defendant's terms too narrowly confine the search while Plaintiff's terms are much more extensive than those originally requested.

The Court finds the requested search terms in the modified request to be appropriate. Therefore, the search terms will be, as defined by the request, "Kear's name and/or the names of any/all of the men who were given the store manager

positions for which Tiffany applied." Any/all of the men who were given the store manager positions for which Tiffany applied shall pertain to positions at the West Wichita store and the Derby store between 2006 and 2010. Kohl's stated in their response that they narrowed the produced results of the original search based on relevance and privilege. If emails to be produced are privileged, they should be included in Defendant's privilege log. For all non-privileged emails, the Court finds it inappropriate that Kohl's produce only those results that they deem to be relevant. To prevent possible withholding of documents, the Court deems all emails within these search criteria to be relevant and Kohl's shall not narrow the produced results based on relevancy.

To the extent that Defendant preemptively asserts attorney-client privilege, that objection is **overruled**. Such an objection is based on hypothetical or contingent possibilities and not on specific documents to be withheld. *See **Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co***., 08-1250-MLB-KGG, 2012 WL 1080801, at *6 (D. Kan. Mar. 29, 2012). The time to assert attorney-client privilege is at the time such a document has been found to exist and for which such privilege may apply.

Plaintiff's motion is **GRANTED** in regard to Request for Production No. 2. The Court orders Defendant to respond to the Request within **thirty (30) days**.

### 3.    Request for Production No. 3.

Plaintiff requests that Defendant produce all documentation pertaining to targets, goals, and actual performance of Plaintiff, Tom Baumhover, Scott Wurzbacher, Patrick Bride, Quintin Cox, Dennis Abrams, Jeff Keeler, Michael Brogdin, Peter Riley, Eric Newell, Amanda Cash, and all other individuals to be identified in response to Request No. 1 between January 1, 2005, and September 10, 2012.  Defendant objects on the same grounds as Request for Production No. 1, that the request is overbroad, unduly burdensome, oppressive, propounded for the purpose of harassment, and irrelevant.  For the reasons previously discussed, the Court does not find the request is overbroad, unduly burdensome, oppressive, or propounded for the purpose of harassment.

That stated, the Court does not find that documents pertaining to targets, goals, and actual performance of Jeff Keeler, Peter Riley, Scott Wurzbacher, Patrick Bride, or Quintin Cox to be relevant because they are not Store Managers or Assistant Store Managers.  Plaintiff did not indicate that these individuals held a Store Manager or Assistant Store Manager position after January 1, 2005.  Therefore, their targets, goals, and actual performance would likely not be sufficiently equatable to Plaintiff's targets, goals, and actual performance to be deemed relevant.  The portion of Plaintiff's motion relating to Request No. 3 is

**DENIED**.

All documents relating to targets, goals, and actual performance of Tom Baumhover, Dennis Abrams, Michael Brogdin, Eric Newell, Amanda Cash, and all other individuals who have been employed by Kohl's as an Assistant Store Manager and/or Store Manager in Districts 14 and/or 34 from January 1, 2005, to September 10, 2012, are relevant. Accordingly, the Court **GRANTS** this portion of Plaintiff's motion regarding Request No. 3. The Court orders Defendant to respond to this Request within **thirty (30) days**.

## 4. Requests for Production Nos. 5, 8, & 9.

Request for Production No. 5 seeks all job advertisements, postings, and/or other public and private requests for each management-level position within Kohl's Districts 14 and/or 34 at any and all times between January 1, 2005, and September 10, 2012. Request No. 8 asks for all applications, resumes, memos, and letters of interest submitted to Kohl's by individuals who were interested in obtaining a Store Manager position in Kohl's Districts 14 and/or 34 at any and all times between January 1, 2005, and September 10, 2012. Request No. 9 seeks all interview notes, interview memos, interview forms, offer letters, and rejection letters pertaining to candidates who applied for one or more Store Manager positions in Kohl's Districts 14 and/or 34 at any and all times between January 1,

2005, and September 10, 2012. Defendant objects to these Requests as overly broad, unduly burdensome, oppressive, propounded for the purpose of harassment, and irrelevant.

For the reasons previously discussed, the Court does not find these Requests to overbroad, unduly burdensome, oppressive, or propounded for the purpose of harassment. The Court also finds the modified temporal and geographic scope of these requests to be appropriate.

Plaintiff has made it clear that Kohl's does not post promotion opportunities or job openings. In a case alleging failure to promote based on gender discrimination, promotion patterns of a company are relevant. *See Johnson v. Kraft Foods*, 238 F.R.D., at 53. Therefore, any information that reveals promotion opportunities or requests is also relevant. Accordingly, Defendant's objections are **overruled** and Plaintiff's motion is **GRANTED** in regard to Requests for Production Nos. 5, 8, and 9. The Court orders Defendant to respond to these Requests within **thirty (30) days**.

### 5. Request for Production No. 12.

Plaintiff requests that Defendant produce all personnel handbooks, manual, employment policies and procedures, and all work rules and regulations, including drafts and revisions/amendments/updates, pertaining to performance criteria,

performance evaluations, promotions, transfers, interviews, hiring procedures, and the employee selection process for management-level employees, including drafts and revisions/amendments/updates, that relate to Assistant Store Managers and Store Managers, in Districts 14 and/or 34, that exist and/or existed at any and all times between January 1, 2005, and September 10, 2012. Defendant objects that the request is overbroad, unduly burdensome, oppressive, propounded for the purpose of harassment, and vague/ambiguous. Defendant also asserts that the request would violate attorney-client privilege and work product doctrine.

For the reasons previously discussed, the Court does not find this request is overbroad, unduly burdensome, oppressive, or propounded for the purpose of harassment. Also, the Court finds the modified temporal and geographic scope of this request to be appropriate.

Defendant objects that this request is vague and ambiguous to the extent it seeks documents relating to Assistant Store Managers and Store Managers. The Court does not find this request to be vague/ambiguous in this regard. This portion of the request narrows production to those documents that pertain to performance criteria, evaluations, promotions, transfers, etc. that apply to the position of Assistant Store Manager and Store Manager. Defendant's objection that this request is vague and ambiguous is **overruled**.

Defendant asserts the attorney-client privilege for drafts and revisions of documents. However, Defendant has not included these documents in its privilege log. The Court instructs Defendant to amend its privilege log to include these documents with sufficient information to allow the Court and Plaintiff to determine whether these documents are, in fact, privileged.

Plaintiff's Motion is **GRANTED** in regard to Request for Production No. 12. The Court orders Defendant to respond to this Request within **thirty (30) days**.

### 6. Requests for Production Nos. 13, 14, & 17.

Request No. 13 seeks all notes, records, reports, memoranda, correspondence, emails, and other documents relating to any and all reports or complaints of gender discrimination, pregnancy discrimination, gender harassment, pregnancy harassment, and/or retaliation, by any and all Kohl's Store Manager or Assistant Store Manager, nationwide, between January 1, 2005, and September 10, 2012. Request No. 14 asks for all investigative notes, reports, statements, files, conclusions, and other documents pertaining to any and all reports or complaints of gender discrimination, pregnancy discrimination, gender harassment, pregnancy harassment, and/or retaliation by any and all Kohl's Assistant Store managers and Store Managers, nationwide, between January 1, 2005, and September 10, 2012.

Request No. 17 seeks production of all notes, documents, records, reports, memoranda, correspondence, emails, investigative files, and/or other documents pertaining to any administrative charges, court actions, sexual harassment-related concern(s), retaliation-related concern(s), gender discrimination-related concern(s), and/or pregnancy discrimination-related concern(s) brought to the attention of Defendant at any and all times between January 1, 2005, and September 10, 2012.

Defendant objects that these Requests are overbroad, unduly burdensome, oppressive, and propounded for the purpose of harassment. For the reasons previously discussed, the Court does not find these requests to be unduly burdensome, oppressive, or propounded for the purpose of harassment. The Court finds that the geographic scope of these requests to be overly broad. The scope is appropriately narrowed to those districts, regions, and territories overseen by the three decision-makers: Scott Link, Peter Riley, and Jolene Christensen.

Defendant also asserts that the request would violate attorney-client privilege. The Court **overrules** this preemptive assertion of the attorney-client privilege. Such an objection is based on hypothetical or contingent possibilities, not on specific documents to be withheld. *Martin K. Eby Const.*, 2012 WL 1080801, at *6. The time to assert attorney-client privilege is at the time such document a has been found to exist and for which such privilege may apply.

Plaintiff's motion is **GRANTED** in regard to Requests for Production Nos.

13, 14, and 17 in accordance with the modified geographic scope. The Court

orders Defendant to respond to these Requests within **thirty (30) days**.

### 7. Request for Production No. 16.

Plaintiff requests that Defendant produce all notes, documents, records,

reports, memoranda, correspondence, emails, investigative files, and/or other

documents pertaining to and/or in any way relating to Plaintiff's complaints about

Dennis Abrams to Kohl's human resources and/or management-level employees,

including but not limited to Quintin Cox and Jeff Keeler. Defendant objects that

the request seeks to invade the attorney-client privilege and/or work product

doctrine.

Plaintiff did not raise an argument in their Memorandum or in their Reply

disputing Defendant's objections to this request. Defendant's objections are,

therefore, **sustained**. Defendant claims that all non-privileged documents related

to this request were produced and Plaintiff did not raise an argument in her reply to

show otherwise. Thus, Plaintiff's motion is **DENIED** in regard to Request for

Production No. 16.

### 8. Interrogatories Nos. 4 & 5.

Interrogatory No. 4 requests identification of all persons who have

commenced an administrative or court action against Defendant Kohl's and/or filed a union grievance, at any and all times between January 1, 2005, and September 10, 2012, alleging sexual harassment, retaliation, gender discrimination, and/or pregnancy discrimination. Interrogatory No. 5 asks for identification of any and all employees and former employees of Kohl's, nationwide, who have expressed any type of complaint(s) or concerns about sexual harassment, retaliation, gender discrimination, and/or pregnancy discrimination to Kohl's supervisory, management, and/or human resources personnel, at any and all times between January 1, 2005, and September 10, 2012. Defendant objects that the Requests are overbroad, unduly burdensome, oppressive, and propounded for the purpose of harassment.

These interrogatories are similar in character to Requests for Production Nos. 13, 14, and 17. Therefore, the Court narrows the scope of this request to the areas under the supervision of the three decision-makers: Scott Link, Peter Riley, and Jolene Christensen. Accordingly, Plaintiff's Motion is **GRANTED** for Interrogatories Nos. 4 and 5 within these parameters. The Court orders Defendant to respond to these Interrogatories within **thirty (30) days**.

9.    **Interrogatory No. 6.**

Plaintiff requests that Defendant identify each individual employed by

23

Kohl's Districts 14 and/or 34 at any and all times between January 1, 2005, and September 10, 2012, who held the same job title(s) and or performed the same or similar responsibilities and/or job duties as those previously performed by Plaintiff during her employment with Kohl's. Defendant objects that the request is overbroad, unduly burdensome, oppressive, and propounded for the purpose of harassment.

For the reasons previously discussed, the Court does not find the request to be overly broad, unduly burdensome, oppressive, or propounded for the purpose of harassment. Also, the Court finds the modified temporal and geographic scope of this request to be appropriate.

Plaintiff's Motion is **GRANTED** in regard to Interrogatory No. 6. The Court orders Defendant to respond within **thirty (30) days**.

### 10. Interrogatories Nos. 7 & 8.

Interrogatory No. 7 requests identification of all management-level positions in Districts 14 and/or 34 that were open, became available, and/or were filled at any and all times between January 1, 2005, and September 10, 2012, along with certain explanatory information. Interrogatory No. 8 asks for the identification of every individual who applied for, was considered for, and/or was interviewed for each management-level position identified in Defendant's answer to Interrogatory

No. 7.  Defendant objects that these Interrogatories are overly broad, unduly

burdensome, oppressive, propounded for the purpose of harassment, and irrelevant.

For the reasons previously discussed, the Court does not find these requests

to be overly broad, unduly burdensome, oppressive, or propounded for the purpose

of harassment.  Also, the Court finds the modified temporal and geographic scope

of these requests to be appropriate.  Further, these Interrogatories are relevant for

the same reasons given for Request for Production No. 5.  Accordingly,

Defendant's objections are **overruled** and Plaintiff's motion is **GRANTED** in

regard to Interrogatories Nos. 7 & 8.  The Court orders Defendant to respond to

these Interrogatories within **thirty (30) days**.

## II.    Motion to Stay.

As mentioned above, Defendant brings a Motion to Stay Certain Discovery

Pending Decision on Motion for Summary Judgment (Doc. 110), arguing that

failed to exhaust her administrative remedies regarding her claim of hostile

environment sexual harassment.  Defendant thus contends that discovery relating

to that issue is wasteful, and burdensome.

The Federal Rules of Civil Procedure do not, *per se* provide for a stay of

proceedings.  The Rules do, however, state that a court may "make any order

which justice requires to protect a party . . . from annoyance, embarrassment,

oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). "The proponent of a stay bears the burden of establishing its need." ***Clinton v. Jones***, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997).

This Court finds that a stay of this case, which is more than a year old, would be inappropriate. Had Defendant truly been concerned about wastefulness and burdensomeness, the issues raised in their motion to stay could have been addressed, more efficiently, months ago. Further, Defendant has not established that the information at issue would have no possible relevance to Plaintiff's other claims that are not subject to the motion for summary judgment pending before the District Court. For these reasons, Defendant's motion to stay (Doc. 110) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 78.) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Certain Discovery (Doc. 110) is **DENIED**.

Dated at Wichita, Kansas, on this 12th day of July, 2013.

 S/ KENNETH G. GALE
KENNETH G. GALE

United States Magistrate Judge