IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR )
)
)
)
Plaintiff, )
)
vs. ) Case No. 12-cv-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, INC., )
)
Defendant. )
_____ )

# MEMORANDUM & ORDER ON
# PLAINTIFF'S SECOND MOTION TO COMPEL

This case is before the Court on Plaintiff's second motion requesting an Order compelling Defendant to provide supplemental discovery responses. (Doc. 104.) For the reasons set forth below, Plaintiff's motion is **GRANTED** under a the modified geographic scope discussed herein.

## BACKGROUND

Plaintiff Tiffany Kear was employed by Defendant Kohl's Department Stores, Inc. as an Assistant Store Manager from December 27, 2004, until September 10, 2010, when Plaintiff claims she was constructively discharged. In this action, Plaintiff claims damages for lost wages as well as "mental anguish" and "emotional distress" suffered during her employment with Kohl's. Plaintiff alleges

violations of Title VII of the Civil Rights Act of 1964 in the form of gender discrimination, gender stereotyping, pregnancy discrimination, and hostile environment created by sexual harassment. Plaintiff also claims discrimination under Kansas state law, K.S.A. §44-1001.

The procedural history of this case has been discussed by this Court in two recent Orders regarding discovery motions filed by the parties. (*See* Docs. 119, 127.) That discussion is incorporated herein by reference.

## **DISCUSSION**

In its most recent Order, this Court generally overruled Defendant's objections regarding relevance, burdensomeness, and oppressiveness. (Doc. 127, at 3-4, 6-9.) The Court incorporates that analysis herein and applies those findings to the discovery requests currently at issue. The Court previously modified the temporal scope of Plaintiff's requests to the time frame of January 1, 2005, to September 10, 2012. (*Id*., at 5.) The Court also modified Plaintiff's requested geographic scope to the districts, regions, and territories overseen by District Manager Scott Link, Vice President-Regional Manager Peter Riley, and Territory Human Resources Executive Jolene Christensen, because these supervisors held positions overseeing Plaintiff's potential promotion. Thus, the corporate decisions and actions in these areas are likely relevant to Plaintiff's claim regarding

employee promotion and potential discriminatory behavior. (*Id.*, at 5-6.) The Court finds it appropriate to apply these modified temporal and geographic parameters to the discovery at issue.

The Court instructs the parties to apply these guidelines to future discovery wherever possible in an effort to reduce the likelihood of requesting judicial intervention to resolve these same issues yet again. The Court further instructs the parties to concentrate on the facts and relevant law in their briefing to the Court while refraining from making personal aspersions as to opposing parties and counsel. Such content is neither helpful to the Court nor the continuing progress of this litigation.

Within these parameters, the Court will address the discovery requests at issue, Nos. 1 and 2 of Plaintiff's second set of Requests for Production to Plaintiff. Each will be discussed in turn.

**A.     Request for Production No. 1.**

Request No. 1 seeks copies of settlement agreements Kohl's entered to resolve claims of gender discrimination, sexual harassment, pregnancy discrimination, and/or familial status discrimination from 2007 - 2012. (Doc. 105-2, at 3.) In its response to Plaintiff's motion, Defendant objects to the "nation-wide class action" approach Plaintiff is taking towards discovery. (Doc. 112, at 4.)

3

"'Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.'" (*Id*., at 5 (quoting ***McGowan v. City of Eufala***, 472 F.3d 736, 745 (10th Cir. 2006) (internal citation omitted))).

As discussed above, however, the Court has limited the geographic scope of Plaintiff's requests to the districts, regions, and territories overseen by decision-makers Scott Link, Peter Riley, and Jolene Christensen. The Court finds that any such settlement agreements to resolve claims of gender discrimination, sexual harassment, pregnancy discrimination, and/or familial status discrimination in any area under the supervision of these individuals at any time from 2007 - 2012 are discoverable.

To the extent Defendant is concerned about the confidentiality of such documents, Defendants can request the entry of an appropriate protective order. Confidentiality is not a privilege to discovery. ***Kendall State Bank. v. West Point Underwriters, LLC***, No. 10-2319, 2013 WL 593957, at *2 (D. Kan., Feb. 15, 2013) (holding "it is well-established in this District that 'privileged' and 'confidential' are two distinct concepts" and that even assuming certain records to be "confidential, this does not mean the records are privileged and/or nondiscoverable" (internal citation omitted)). While Courts in this District have

acknowledged that courts elsewhere have employed a heightened standard in order to allow discovery of information contained in settlement agreements, ***DIRECTV, Inc. v. Puccinelli***, 224 F.R.D. 677, 686 (D.Kan. 2004), Defendant has not specifically requested the Court to address this balancing issue.

Defendant also argues that Plaintiff "cannot demonstrate that the confidential settlement agreements are *relevant* evidence, because she cannot demonstrate that settlement agreements are *evidence* of wrongdoing at all." (Doc. 112, at 7 (emphasis in original).)  Given the broad interpretation of relevance in discovery, Fed.R.Civ.P. 26(b), the Court finds Defendant's argument to go to the issue of admissibility, rather than discoverability, of the evidence.

Plaintiff's motion is, therefore, **GRANTED** in regard to Request No. 1, within the modified geographic parameters discussed above.  The Court orders Defendant to respond to this Request within **thirty (30) days** of the date of this Order.

**B.     Request for Production No. 2.**

Request No. 2 seeks "documents reflecting the amount of money Kohl's spent on antidiscrimination [sic] for its employees" from 2007 to 2012.[1]  (Doc.

---

[1] The Court understands from the parties' briefs that what Plaintiff is seeking is information regarding amounts spent on anti-discrimination *training and education* during this time frame.

105-2.)  In response to Plaintiff's motion, Defendant argues that the amount spent is "irrelevant; it is only the fact of the policies' and training's existence that is relevant."  (Doc. 112, at 9-10.)

Again, however, given the broad interpretation of relevance during discovery, the Court cannot find that this information has "no possible bearing on the subject matter of the action."  ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  This is especially true in the context of the ***Faragher/Ellerth*** defense to Title VII discrimination claims.  *See* ***Helm v. Kansas***, 656 F.3d 1277, 1285 (10th Cir. 2011) (holding that an employer must establish that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and . . . that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise" (citing ***Faragher v. City of Boca Raton***, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) and ***Burlington Industries, Inc. v. Ellerth***, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)).

Plaintiff's motion is, therefore, **GRANTED** in regard to Request No. 2.  The Court orders Defendant to respond to this Request within **thirty (30) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel (Doc. 104.) is **GRANTED** as more fully set forth above.

Dated at Wichita, Kansas, on this 15th day of July, 2013.

                                                  S/ KENNETH G. GALE
                                                  KENNETH G. GALE
                                                  United States Magistrate Judge