IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR, )
)
        Plaintiff, )
)
vs. ) Case No. 12-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, )
INC., )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiff Tiffany Kear filed this civil action against Kohl's Department Stores, Inc. ("Kohl's"), her former employer, alleging several employment discrimination claims under Title VII, including gender discrimination, gender "stereotyping," pregnancy discrimination, hostile environment sexual harassment and retaliation, as well as discrimination under Kansas law and constructive discharge.[1] Before the Court is Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 117). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the motion is denied.

**I.    BACKGROUND**

On November 29, 2012, Defendant sent Plaintiff notice of its intent to issue a document subpoena on Plaintiff's current employer, Toys R Us.[2] The proposed subpoena sought all documents related to employment, personnel files, compensation, benefits packages, and

---

[1] Plaintiff's retaliation claim was dismissed without prejudice, and her constructive discharge claim was dismissed with prejudice. *See* Doc. 49.

[2] *See* Doc. 29-1.

1

bonuses of Plaintiff and Patrick Jerome Bride.[3]  Mr. Bride, who is currently employed by Toys R Us, previously worked at Kohl's with Plaintiff.[4]  Plaintiff alleged that Mr. Bride participated in discrimination against her.[5]

On December 11, 2012, Plaintiff filed a Motion for Protective Order, seeking to prevent Defendant from serving a document subpoena on her current employer.[6]  Plaintiff argued that the document subpoena could "jeopardize" her employment and requested irrelevant information.[7] On February 20, 2013, the magistrate judge denied the motion on the grounds that the potential annoyance to Plaintiff did not outweigh Defendant's showing that the information was relevant.[8] On March 6, 2013 Plaintiff then sought to have the magistrate judge's Order reviewed by this Court,[9] arguing that the Order failed to take into consideration less burdensome means of obtaining relevant information and the risks posed to Plaintiff's current employment relationship.[10]  On April 30, 2013, this Court denied the motion, finding that the potential for harm was considered in balancing competing interests and less burdensome means to obtain the requested information were not available.[11]

---

[3]*See* Doc. 29-1, at 4.

[4]Doc. 1, at 3.

[5]*Id.*

[6]Doc. 28.

[7]Doc. 29, at 1-2.

[8]Doc. 54, at 6.

[9]*See* Doc. 60.

[10]Doc. 61, at 1.

[11]Doc. 99, at 4-5.

Defendant then notified Plaintiff of its intent to serve a deposition subpoena upon Plaintiff's current employer.[12] Defendant's proposed deposition subpoena identified several subject matters for testimony, including: information related to Plaintiff's hiring, current job performance, the employment relationship between Plaintiff and Mr. Bride, qualifications of Plaintiff for her current position of assistant store manager, qualifications of Plaintiff for store manager position, and any promotions to store manager position that Plaintiff sought.[13]

On February 26, 2013, Plaintiff filed a motion for a protective order, seeking to prevent Defendant from serving a deposition subpoena upon her current employer.[14] Plaintiff argued that Defendant's proposed deposition subpoena consisted of "oppressive and harassing discovery."[15] Plaintiff proffered that information Defendant sought from deposing Plaintiff's current employer could be obtained through other forms of discovery, namely depositions of Plaintiff and Mr. Bride.[16]

On May 28, 2013, the magistrate judge denied the Motion for Protective Order.[17] The magistrate incorporated reasoning from a previous Order, in which he found that Defendant's document subpoena outweighed the potential for Plaintiff to feel harassed .[18] The magistrate

---

[12]*See* Doc 58-1, at 1-5.

[13]*Id*. at 4.

[14]*See* Doc. 57.

[15]Doc. 58, at 3. Plaintiff incorporated her arguments from a prior Memorandum in Support of Motion for Protective Order (*See* Doc. 29, at pp. 3-5) in which she argued that a document subpoena to her current employer could jeopardize her employment and less intrusive means were available to obtain information sought by Defendant.

[16]Doc. 58, at 3.

[17]Doc. 107.

[18]*Id.*

judge also found that the proposed deposition was within the scope of discovery because the injury claimed by Plaintiff about the effect of the deposition was conclusory and too general to require legal protection.[19] Plaintiff now seeks to have this Order reviewed by this Court.[20]

**II. DISCUSSION**

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[21] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[22]

Plaintiff argues that the Order must be set aside because it fails to take into consideration other means of obtaining relevant information and Defendant's alleged attempt to harass. In determining whether the magistrate judge's order was improper, the Court must determine whether he or she failed to apply or misapplied relevant law pertaining to protective orders. Plaintiff sought a protective order under Rule 26(c), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

---

[19]*Id.*

[20]Doc. 117.

[21]*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[22]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

undue burden or expense."[23] To establish good cause within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.[24] Plaintiff has the burden to establish good cause through "a particular and specific demonstration of fact, as distinguished from [...] conclusory statements."[25] Rule 26(c) grants courts "substantial latitude to fashion protective orders" upon weighing the competing needs and interests of parties affected by discovery.[26] "[T]he [c]ourt also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order." One such factor is relevance. Depositions are ordinarily allowed unless it is clear that the information sought has no possible bearing on the matter at hand.[27]

The Court finds that the magistrate judge considered other means of obtaining relevant information and correctly applied relevant law regarding protective orders. First, Plaintiff suggests that Defendant could obtain the information sought by deposing Plaintiff and Mr. Bride and reviewing their personnel and employment documents instead of deposing the current employer. While such depositions might reach some of the information sought, the Court remains unconvinced that all of the information requested in the deposition subpoena can be

---

[23]Fed. R. Civ. P. 26(c)(1). *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan 1996) ("[A] party seeking a protective order also has the burden to show good cause for it.").

[24]*Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2002 WL 1932538, * 2 (D. Kan. Jul. 25, 2002).

[25]*CitiMortgage, Inc. v. Sanders,* No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, *2 (D. Kan. Dec. 4, 2012) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[26]*Id.* (citing *Seattle Times Co.v. Rhinehart*, 467 U.S. 20, 36 (1984).

[27] *See Leighr v. Beverly Enterprises-Kansas, Inc.*, 164 F.R.D 550, 551–52 (D. Kan. 1996); *see also Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D. Kan. 1991).

obtained from only deposing Plaintiff and Mr. Bride and reviewing documents. Only a portion of topics outlined for deposition pertain to Mr. Bride. Deposing the current employer is relevant to the question of whether or not Plaintiff mitigated damages, as she testified about in her deposition. The magistrate did not commit error when he chose not to bar Defendant from verifying evidence in the same form that it was offered—a deposition.

The Court also finds that the topics outlined for discussion in the deposition subpoena were properly deemed relevant. Plaintiff's belief that information about the employment relationship between Mr. Bride and Plaintiff is not a legitimate topic for a deposition with Plaintiff's current employer was also considered. Because Mr. Bride is an individual alleged to have engaged in retaliation against Plaintiff, his relationship with Plaintiff remains relevant. The magistrate judge found that the potential to annoy or harass Plaintiff did not outweigh Defendant's showing of obvious relevance of the information requested. Plaintiff challenges the outcome of balancing her interests with Defendant's but her interests were considered in the totality of the circumstances.

Moreover, Plaintiff did not establish good cause within the meaning of Rule 26(c), because she failed to clearly define the potential injury. Plaintiff questioned why Defendant needs depositions and concluded that these depositions will be "oppressive and harassing" discovery.[28] However, Plaintiff failed to state a specific injury to support this general conclusion. The Order states that "there is a *potential* for Plaintiff to be annoyed, embarrassed or harassed as a result of the subpoena, . . . [but] Plaintiff does not—and cannot—establish that this

---

[28]Doc. 58, at 3.

will actually occur."[29] The employer already received a document subpoena and Plaintiff has not shown that her employer has or will take any unfavorable action against her. The magistrate judge acknowledged the differences between a document subpoena and deposition but, in the absence of an explanation or evidence of specific facts showing the *type* of harm or embarrassment that would result if the deposition is allowed, no good cause existed to issue a protective order.

Finally, Plaintiff's contention that the Order failed to consider allegations that Defendant improperly served a document subpoena upon Plaintiff's employer in a possible effort to harass Plaintiff is immaterial. The Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[30] These concerns were not raised in Plaintiff's initial briefing. Plaintiff's counsel instead sent a letter to the magistrate judge raising these concerns. The Court will not consider objections to service of the document subpoena because the matter was not properly before the Court when the magistrate judge made his decision.

For the reasons stated above, the magistrate judge's Order was not clearly erroneous or contrary to law and this Court is unconvinced that a definite and firm mistake has been committed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Review of Magistrate Judge's Order (Doc. 117) is **denied**.

**IT IS SO ORDERED.**

---

[29]Doc. 54, at 6 (citations omitted).

[30]*Marshall v. Charter*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Dated: <u>September 20, 2013</u>

<u> S/ Julie A. Robinson </u>

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE