IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR,

        Plaintiff,

vs.                              Case No. 12-1235-JAR-KGG

KOHL'S DEPARTMENT STORES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff Tiffany Kear filed this civil action against Kohl's Department Stores, Inc. ("Kohl's"), her former employer, alleging several employment discrimination claims under Title VII, including gender discrimination, gender "stereotyping," pregnancy discrimination, hostile environment sexual harassment and retaliation, as well as discrimination under Kansas law and constructive discharge.[1] Before the Court is Defendant's Motion for Review of Magistrate Judge's Discovery Order (Doc. 133). Defendant requests oral argument. The Court finds that oral argument would be of no assistance to the disposition of this motion, therefore Defendant's request is denied. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the motion is denied.

**I.    BACKGROUND**

The procedural history of this case has been discussed by this Court in another recent Order regarding subpoenas filed by Defendant (Doc. 140). That discussion is incorporated herein by reference.

---

[1] Plaintiff's retaliation claim was dismissed without prejudice, and her constructive discharge claim was dismissed with prejudice. *See* Doc. 49.

## II. DISCUSSION

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[3]

Defendant requests that this Court set aside the magistrate judge's orders (Docs. 127 and 128) compelling production on a multi-district basis of the following: settlement agreements, responses to interrogatories and various other documents related to hiring practices and reports of discrimination. Defendant objects to production of these documents on three grounds: relevance, burdensomeness, and confidentiality.

### A. RELEVANCE

Plaintiff sought production of such documents under Fed. R. Civ. P. 26(b)(1), which states that "[p]arties may obtain discovery regarding any matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the

---

[2]*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[3]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

request will lead to the discovery of admissible evidence."[4]

When a discovery request appears relevant, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[5] When a request is not overly broad on its face, "a party resisting discovery on the basis that a request is overly broad has the burden to support its objection."[6]

Defendant argued that the geographic scope of the discovery requests covered districts and employees who bear no relationship to Plaintiff or her claims. Defendant objected to production of documents from its stores across the nation and all settlement agreements. Defendant noted that discovery may be expanded beyond Plaintiff's "employing unit" if Plaintiff can establish a "more particularized need for, and the likely relevance of broader information."[7] The magistrate judge found that Plaintiff showed the likely relevance of discovery in two districts by indicating that the supervisors of those districts held positions overseeing Plaintiff's potential promotion. The magistrate judge went on to narrow the scope of Plaintiff's discovery requests, including settlement agreements. Defendant relied on the Tenth Circuit's holding that "anecdotal evidence of prior discrimination should only be admitted if [it] . . . can somehow be tied to the employment actions disputed in the case at hand," to support its objection to

---

[4]*Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

[5]*Gen. Elec. Capital v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[6]*Id.*

[7]*McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 585 (D. Kan. 2008) (internal citation omitted).

production of settlement agreements.[8] A party can meet this requirement if they can show that the *same supervisors* were involved in the prior discrimination.[9] Here, Plaintiff's requests were limited to documents involving the geographic areas supervised by specific individuals that held positions overseeing Plaintiff's potential promotion during the time period surrounding the events leading to the alleged discriminatory practices. The magistrate judge found that limiting the scope in this manner would likely lead to relevant information because the corporate decisions and practices in those areas were likely relevant to Plaintiff's claims regarding promotion and potentially discriminatory behavior.

"Courts, absent *obvious* requests for irrelevant discovery, are in no position at the discovery stage of litigation to make uninformed conclusions on what is or is not relevant to a case" and thus depend on the party opposing discovery to explain why the information sought will not lead to admissible evidence.[10] Because Plaintiff's request was not overly broad on its face, that burden rested with Defendant. As the objecting party, Defendant failed to show a concrete basis beyond conclusory objections that the geographic scope of discovery does not fall within the bounds of relevance. The magistrate judge narrowed Plaintiff's request for production upon receiving Defendant's objections. Defendant may not agree with how the scope was determined but the Court finds that the magistrate judge properly applied the law regarding relevance and did not commit clear error.

## B. BURDENSOMENESS

Defendant also argued that the burden of the request outweighs any relevance that may

---

[8] *Heno v. Sprint/United Mgt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (quoting *Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999) (internal quotation marks omitted)).

[9] *Id*. at 856 (emphasis added).

[10] *City of Wichita v. Aero Holdings,* INC., 192 F.R.D. 300, 302 (D. Kan. 2008).

exist. The resisting party must meet an "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce requested documents."[11] Defendant contended that the size of the company and its national presence relative to the single-plaintiff's claims would cause a burden. Defendant also cited the "voluminous" production that would result from having to produce 100–250 personnel files as an example of such a burden. Stating the size of the company[12] or the number of documents requested is not sufficient to overcome production without the underlying detail that frames the burden in terms of time, money, or procedures. Therefore, the Court finds that it was not clear error for the magistrate judge to find that documents sought by Plaintiff are discoverable because any potential burden was outweighed by relevance.

## C. CONFIDENTIALITY

Defendant requests that this Court set aside the magistrate judge's orders compelling production of settlement agreements on the ground that the material is confidential. This Court recognizes that other courts have applied a heightened standard to discover information contained in settlement agreements.[13] The magistrate judge declined to apply the heightened standard because Defendant did not specifically request that the Court do so. Defendant outlined a passage in its brief in which it claims to have argued for application of the heightened standard, but that passage does not mention a heightened standard or *any* standard applied to discovery of

---

[11]*Gen. Elec. Capital*, 215 F.R.D. at 641 (citing *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 213 (D. Kan. 2002)).

[12]*See generally Bryant v. Farmers Ins. Co., Inc.*, No. 01-02390-CM, 2002 WL 1796045 (D. Kan. July 31, 2002).

[13]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 686 (D. Kan. 2004) (citing *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 562 (D. N.J. 1994) (explaining that the heightened standard generally requires the party requesting production to make a "particularized showing" that the information is reasonably calculated to lead to the discovery of admissible evidence)).

settlement agreements.[14]  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[15]  These concerns were not specifically raised in Defendant's initial briefing before the magistrate judge so this Court will not consider them.

Courts in this district have declined to apply the heightened standard and instead chosen to apply the general Fed. R. Civ. P. 26 standard.[16]  A general concern for protecting the confidentiality of a settlement agreement does not equate to privilege.[17]  In other words, settlements are not protected from discovery simply because the settling parties agreed to maintain their confidentiality.[18]  The question of whether the information sought is admissible differs from whether or not the information sought is confidential.[19]  Other courts in this district have deemed settlement agreements discoverable.[20]  The appropriate remedy to protect confidentiality in the instant action is not barring discovery of items sought, but requesting a protective order.  In his decision, the magistrate judge left the door open for Defendant to request a protective order to alleviate concerns about confidentiality of settlement agreements.  Considering that other courts in this district have held settlement agreements discoverable and

---

[14] Doc. 134, at 5.

[15] *Marshall v. Charter*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[16] *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 695 (D. Kan. 2007); *See DIRECTV*, 224 F.R. D. at 686–87.

[17] *DIRECTV*, 224 F.R.D. at 684–85 (internal citations omitted).

[18] *Id.* at 686 (internal citations omitted).

[19] *See generally Kendall State Bank v. West Point Underwriters, LLC*, No. 10-2319, 2013 WL 593957, *2 (D. Kan. Feb. 15, 2013).

[20] *See City of Wichita*, 192 F.R.D. 300 (held magistrate judge's orders to compel party to produce settlement negotiations was not error or contrary to law); *DIRECTV*, 224 F.R.D. 677 (held that settlement agreements between satellite television provider and records custodians for companies which allegedly sold satellite piracy devices to defendants were discoverable); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216 (D. Kan. April 27, 2007) (held that settlement agreements between co-defendants and third parties involved in matters alleged in complaint were discoverable).

Defendant can protect the confidentiality of settlements without excluding them from discovery, the Court finds that the magistrate judge's decision was not erroneous or contrary to law.

For the reasons stated above, Judge Gale's Orders (Docs. 127 and 128) were not clearly erroneous or contrary to law and this Court is unconvinced that a definite and firm mistake has been committed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Review of Magistrate Judge's Order (Doc. 133) is **denied**.

**IT IS SO ORDERED.**

Dated: September 25, 2013

                                                 S/ Julie A. Robinson

                                                 JULIE A. ROBINSON

                                                 UNITED STATES DISTRICT JUDGE