IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR, )
)
              Plaintiff, )
)
vs. )    Case No. 12-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, )
INC., )
)
              Defendant. )
)

## MEMORANDUM AND ORDER

In this action Plaintiff Tiffany Kear brings various claims under Title VII and Kansas law against her former employer, Defendant Kohl's Department Stores. This Court previously granted Defendant's motion to dismiss Count 5 (retaliation) and Count 7 (constructive discharge). The Court now considers Defendant's motion for summary judgment (Doc. 102) on Plaintiff's hostile work environment-sexual harassment claim, on the basis that Plaintiff failed to timely file her charge of discrimination with the EEOC. Because discovery is incomplete and Plaintiff is entitled to discover evidence material to the timeliness of her administrative charge, the Court denies the motion for summary judgment without prejudice.

## I.    STANDARDS

In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[1] However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of

---

[1] *Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir.1996).

1

limitations, is subject to waiver, estoppel, and equitable tolling."[2] A plaintiff's allegation is timely if she files her EEOC charge within 300 days of the alleged unlawful employment practice.[3] "Hostile environment claims are different from discrete acts. Their very nature involves repeated conduct."[4] "The 'unlawful employment practice' therefore cannot be said to occur on any particular day."[5] Hostile environment claims are "based on the cumulative effect of individual acts."[6]

> It is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct.[7]

In other words, a Plaintiff need only allege one act, and not necessarily the "last act," that occurred during the filing period.[8]

Here, Defendant posits that Plaintiff has failed to show that at least one such act occurred during the filing period. Defendant thus raises the affirmative defense of failure to timely exhaust administrative remedies.[9] Defendant has the burden of proof on the affirmative defense,

---

[2]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[3]*Semsroth v. City of Wichita*, 304 F. App'x 707, 714 (10th Cir. 2008).

[4]*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (internal citation omitted).

[5]*Id.*

[6]*Id.*

[7]*Boyer v. Cordant Techs., Inc.*, 316 F.3d 1137, 1139-40 (10th Cir. 2003) (citing *Morgan*, 536 U.S. 101 at 117–18).

[8]*Morgan*, 536 U.S. at 117.

[9]*Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996).

and thus in moving for summary judgment on the affirmative defense, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."[10] Once the defendant makes this initial showing, "the plaintiff must then demonstrate with specificity the existence of a disputed material fact."[11] If the plaintiff cannot meet this burden, "the affirmative defense bars [her] claim, and the defendant is then entitled to summary judgment as a matter of law."[12] In determining whether summary judgment is proper, the evidence must be viewed in the light most favorable to the non-moving party.[13]

## II. FACTUAL RECORD

The Court is reticent to identify all uncontroverted facts at this point, given the flimsy record supplied by both parties in their summary judgment submissions. For example, both have supplied deposition excerpts that are gerrymandered to the extent the Court can give little credit to the testimony, and excerpts of testimony that is seemingly irrelevant or not supportive of the points made.[14] Nonetheless, for purposes of this order only, the Court notes that Plaintiff alleges that she was subjected to a hostile work environment created by repeated acts of sexual harassment by four individuals, Tom Baumhover, Josh Prebble, Dennis Abrams and Sean McKinney. It is uncontroverted that Plaintiff worked for Defendant Kohl's from December 2004 until September 2010. Plaintiff filed her administrative charge with the EEOC on or about

---

[10] *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir.1997).

[11] *Id.*

[12] *Id.*

[13] *Duvall v. Ga.-Pac. Consumer Prods., L.P.,* 607 F.3d 1255, 1259 (10th Cir. 2010).

[14] The parties are directed to follow the directives of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1,

3

April 9, 2011.[15]  Thus, the 300 day filing period commenced on or about June 29, 2009.

Two of the employees who allegedly harassed Plaintiff did not engage in acts of harassment after 2008.  It is uncontroverted that Baumhover left Defendant's employ in 2008 and that Prebble did not engage in acts of harassment after the date that Baumhover left.  Plaintiff testified that she recalled Abrams engaging in an act of harassment, but this act occurred before June 29, 2009.  Plaintiff also recalls that McKinney engaged in acts of harassment in 2009; but Plaintiff apparently cannot recall whether McKinney continued to engage in acts of harassment after June 29, 2009.

## III. DISCUSSION

Defendant moves for summary judgment on its affirmative defense of failure to timely exhaust administrative remedies, relying on the fact that Plaintiff has not identified even one act of sexual harassment during the 300 day filing period.  To be sure, in responding to this motion for summary judgment, it is Plaintiff's burden to demonstrate with specificity the existence of a disputed material fact that within the 300 day filing period there was at least one act that contributed to the hostile work environment.  If the factual record were complete, Defendant would be entitled to summary judgment under these circumstances.  But the factual record is incomplete.

Plaintiff complains that her efforts to develop the factual record have been stymied by Defendant's failures to comply with certain discovery requests, including requests to discover complaints made by other employees subjected to the same hostile work environment as Plaintiff

---

[15]Even the parties' submissions on the filing date are unclear.

during the period at issue. For Plaintiff need not allege only acts directed at her; acts directed at other employees in the same workplace, of which Plaintiff had knowledge, can also serve as evidence of a hostile work environment within the requisite time period.[16]

To be sure, early dispositive motions[17] on jurisdictional or other threshold issues[18] are strongly encouraged. But, a review of the procedural history of this case demonstrates that Plaintiff may have been precluded from the opportunity to discover evidence that establishes the accused employees' dates of employment, evidence of other complaints made against these employees or other employees that contributed to a hostile work environment of sexual harassment, or evidence that might serve to clarify Plaintiff's recollection of the duration of the hostile work environment.

The bitter flavor of the satellite-discovery-litigation-explosion[19] in this case can be gleaned from the latest order entered by Magistrate Judge Gale, Order Granting Motion for Extension of Time to File Response/Reply re **Third Motion to Compel** Discovery Responses."[20] This Order gives Defendant until November 29, 2013 to file a response to Plaintiff's ongoing efforts to compel discovery with respect to Plaintiff's discrimination claims,

---

[16] *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415-1416 (10th Cir. 1987).

[17] This summary judgment motion was filed on May 16, 2013, two months before the dispositive motions deadline of July 12, 2013.

[18] *Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (explaining that while a plaintiff's failure to exhaust administrative remedies creates a jurisdictional bar to suit, a plaintiff's failure to timely exhaust administrative remedies is not a jurisdictional bar, but is an affirmative defense subject to equitable tolling.).

[19] In the eighteen-month life of this case, the parties have not only filed three motions to compel discovery, they have filed one motion to reconsider, three motions to review decisions of the Magistrate Judge, sixteen motions for various extensions of time, four motions to stay discovery, and one motion to strike.

[20] Emphasis added.

as well as with respect to the instant hostile work environment claim.  Meanwhile, just this week, Defendant filed a Notice of Service[21] of Defendant's First Request for Admissions to Plaintiff, as well as a Notice of Service[22] of Defendant's Second Supplemental Responses to Plaintiff's Third Requests for Production of Documents.

Given this woeful history of expensive, dilatory and unproductive discovery disputes, and the fact that discovery continues in this case, the Court denies Defendant's motion for summary judgment without prejudice.  The Court notes that a new scheduling order setting out revised deadlines for discovery and dispositive motions has not yet been entered, undoubtedly because Judge Gale's repeated requests that the parties meet, confer, resolve and move this case past discovery, have been repeatedly ignored.  Until discovery is complete, this Court will not entertain any dispositive motions in this case, not on jurisdictional issues, not on any issues.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment Regarding Untimeliness of Plaintiff's Hostile Environment Sexual Harassment Claim (Doc. 102) is **denied without prejudice**.

**IT IS SO ORDERED**.

Dated: November 22, 2013

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[21]Doc. 157.

[22]Doc. 158.