IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIFFANY KEAR )
)
)
)
Plaintiff, )
)
vs. ) Case No. 12-cv-1235-JAR-KGG
)
KOHL'S DEPARTMENT STORES, INC., )
)
Defendant. )
_____ )

**MEMORANDUM ORDER ON
PLAINTIFF'S MOTION TO COMPEL**

This case is before the Court on Plaintiff's motion requesting an Order compelling Defendant to produce certain documents and respond to interrogatories. (Doc. 149.) After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth below.

**BACKGROUND**

Plaintiff Tiffany Kear was employed by Defendant Kohl's Department Stores, Inc. as an Assistant Store Manager from December 27, 2004, until September 10, 2010, when Plaintiff claims she was constructively discharged. In this action, Plaintiff claims damages for lost wages as well as "mental anguish" and "emotional distress" suffered during her employment with Kohl's. Plaintiff alleges

violations of Title VII of the Civil Rights Act of 1964 in the form of gender discrimination, gender stereotyping, pregnancy discrimination, and hostile environment created by sexual harassment.  Plaintiff also claims discrimination under Kansas state law, K.S.A. §44-1001.

There have been numerous discovery issues in the present case.  The Court's most recent discovery Order (Doc. 127) addressed certain issues that are raised again in the present motion (Doc. 149), which challenges Defendant's objections Defendant raised in response to Plaintiff's Requests for Production Nos. 1, 2, 3, 4, 5, 6, 9, 10, 12, 14, 15, 16, 17, 19, 20, and 21, and Interrogatories Nos. 1, 2, 3, and 4 from Plaintiff's third set of discovery requests.  Based on representations contained in Defendant's response, the issues relating to Requests Nos. 5, 12, 15, 16, 17, and 19 appear to have been resolved after Plaintiff's motion was filed.

## **DISCUSSION**

I.  **Motion to Compel**.

   A.  **Standards on Motions to Compel.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such,

the requested information must be both nonprivileged and relevant to be discoverable.

B.   **Specific Requests at Issue.**

1.   **Requests Nos. 1, 2, 3, and 4, and Interrogatory No. 4.**

Request No. 1 seeks applications and other documents for individuals who "expressed interest in obtaining a Store Manager position with Kohl's, nationwide" while Request No. 2 seeks such information regarding individuals who "applied for one or more" such positions (Request No. 2) from January 1, 2008 to the present. (Doc. 150-4, at 3, 4.) Request No. 3 seeks email correspondence between decision-makers "comparing, evaluating, and selecting" store managers, nationwide, during this time frame. (*Id*., at 6.) Request No. 4 seeks "all employment related documents (excluding medical and other statutorily confidential information" for individuals who became store managers, nationwide, during this time frame. (*Id*., at 6-7.) Interrogatory No. 4 seeks the identity and certain information regarding the individuals filling each of Defendant's store manager positions, nationwide, from 2008 until the last day of Plaintiff's employment with Defendant. (Doc. 150-3, at 4.)

The Court's prior ruling addressed the issue of geographic scope as follows:

> Plaintiff has shown the likely relevance of information in districts, regions, and territories overseen by District

> Manager Scott Link, Vice President-Regional Manager
> Peter Riley, and Territory Human Resources Executive
> Jolene Christensen, by indicating that these supervisors
> held positions overseeing Plaintiff's potential promotion.
> The Court therefore finds that the appropriate geographic
> scope of discovery is the areas under the these decision-
> makers' supervision because the corporate decisions and
> actions in these areas are likely relevant to Plaintiff's
> claim regarding employee promotion and potential
> discriminatory behavior.

(Doc. 127, at 6.) The Court reiterates that this geographic scope shall be applied to discovery in this case.[1]

Although Defendant raises the issue of burdensomeness, the process of responding to discovery is, by its very nature, burdensome. Defendant has not, however, established that the burden is undue given the nature of Plaintiff's allegations, Defendant's status as a nationwide retailer, and the Court's prior limitation on the geographic scope of discovery.

Defendant also contends the relevance of this information to Plaintiff's claims is tenuous. Given the broad definition of relevance in the discovery stage, discussed *supra*, however, the Court finds the documents requested to be relevant. Plaintiff's motion is **GRANTED** in regard to these Requests 1, 2, 3, and 4, and

---

[1] Based upon representations made in Defendant's memorandum and the current state of discovery, it appears that Ms. Christiansen's authority at the time of the events at issue was limited to Region 7. Therefore, that is the appropriate geographic scope. If further discovery establishes other facts, that geographic scope may require expansion.

Interrogatory No. 4.[2]

2. **Request No. 6.**

In Request No. 6, Plaintiff sought all "Individual Development Plans" completed by each and every assistant store manager, nationwide, from 2006 through the last date of Plaintiff's employment. (Doc. 150-4, at 6.) Plaintiff argues that she should receive such documents as fall within the Court's prior geographic scope limitation, discussed *supra*. The Court agrees that the geographic scope should be so limited.

The Court also finds, however, that the subject matter of Plaintiff's request is overly broad as written. There is no attempt to limit the subject matter to such IDPs as those which would include issues and allegations similar to those contained in Plaintiff's Complaint. Plaintiff's motion makes no effort to describe how all IDPs are relevant to her claims or Defendant's defenses. As such, Plaintiff's motion is **DENIED** in regard to Request No. 6 as the Request is *per*

---

[2] Plaintiff states that she is willing "to accept the 30-60 personnel files of the individuals who became Store Manager in Region 7 during the relevant time frame, and to hold off on pursuing her request for the remaining files . . . pending the results of Defendant's document production of the personnel files for Region 7." (Doc. 165, at 4.) To the extent this further limits the documents Defendant has been ordered to produce herein, the Court accepts Plaintiff's self-imposed limitation. Should Plaintiff be unsatisfied with the information produced, however, the Court directs the parties to the geographic limitation the Court has reiterated herein in lieu of further motions to compel on this issue.

5

*se* overly broad.

        3.     **Requests Nos. 9 and 10.**

Request No. 9 seeks all documents "reflecting individuals who were 'referred'" by store managers, nationwide, for Defendant to consider as a potential employee from 2006 through the present. (Doc. 150-4, at 12.) Request No. 10 seeks "[a]ll documents reflecting bonuses paid to Kohl's store managers, nationwide, for referring potential employees to Kohl's" from 2006 to the present. (Doc. 150-4, at 12.)

The Court finds these Requests to be *per se* overly broad as written. Even given the geographic limitation discussed above, the subject matter of the Requests is facially overly broad as they relate to any potential employee and not just those who may have held similar positions to those held or sought by Plaintiff. The Requests are also ambiguous as they seek information on individuals who were "'referred' . . . for Kohl's to consider as a potential employee . . ." or bonuses paid for "referring potential employees . . . ." (*Id*., at 12-13; *see also* Doc. 164, at 13.) Plaintiff does not explain the nature of such referral process, including, for instance, whether this would encompass formal or written referrals as well as informal referrals. Further, Plaintiff's motion makes no effort to describe how such referrals or referral bonuses are relevant to her claims or Defendant's

defenses. As such, Plaintiff's motion is **DENIED** in regard to Requests Nos. 9 and 10 as the Requests are both ambiguous and *per se* overly broad.

    4.       **Request No. 14.**

Request No. 14 seeks the "statement and/or notes prepared by Jess [sic] Keeler" in 2009 regarding "his conversation with Plaintiff about the harassment at Kohl's." (Doc. 150-4, at 15.) Plaintiff argues that Defendant's invocation of the work product privilege is improper because Keeler is not a lawyer and was "simply carrying out his job duties in taking notes about EEO-type complaints." (Doc. 150, at 8.)

Defendant asserts that the documents at issue were responsive to Plaintiff's First Requests for Production of Documents, which sought documents relating to Plaintiff's complaints about Dennis Abrams to Kohl's human resources and/or management-level employees, including . . . Jeff Keeler." (Doc. 164, at 14-15.) Defendant contends that the Keeler documents were listed in Defendant's privilege log that was submitted in conjunction with those initial discovery responses. (*Id*.) Defendant continues that any such objection by Plaintiff to the inclusion of these documents in Defendant's initial privilege log should have been raised at the time of Plaintiff's initial Motion to Compel (Doc. 79), rather than making them the subject of an additional discovery request and subsequent motion to compel.

(*See* Doc. 164, at 14-15.) The Court agrees that the time for Plaintiff to objected to the application of the work product doctrine to these documents has long since expired. *See* D. Kan. Rule 37.1(b) (requiring any motion to compel to be filed within 30 days of the default or service of the response, answer, or objection that is the subject of the motion). Plaintiff's failure to do so waived her right to assert this objection. *Id.* Plaintiff cannot cure the timeliness issue by simply submitting an additional discovery request encompassing this same subject. Plaintiff's motion is **DENIED** in regard to Request No. 14.

    5.    **Requests No. 20 and 21.**

The final two document requests at issue involve information relating to a lawsuit filed by one of Defendant's former employees. (Doc. 150-4, at 18-19.) Defendant argues that this former employee was not employed within the relevant geographic limitation set by the Court. (Doc. 164, at 17-18.) Plaintiff argues that Region 7, where this employee worked, is within Territory 2, but that Defendant "will not produce information about all the regions and districts within Territory 2." (Doc. 150, at 11.)

Based on the information presented by the parties, the Court is unable to determine whether the individual at issue was employed within the geographic limitation discussed in the Court's prior Order (Doc. 127) and reiterated above.

Further, the Court is unable to determine how the requested information is discoverable. Simply because an individual within the geographic scope has filed a lawsuit against Defendant does not automatically make all documents or correspondence regarding the settlement of that case discoverable. The same is true for the information sought by Request No. 21. The requests are not relevant on their face and Plaintiff's brief does not provide an adequate showing of relevance. "When 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean v. Anderson***, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).

6. **Interrogatories Nos. 1 and 3.**

Interrogatory No. 1 asks Defendant to identify the persons supplying information responsive to the interrogatories on behalf of Defendant. (Doc. 150-3, at 2.) Interrogatory No. 3 seeks a listing of Defendant's stores, nationwide, that had a store manager opening from 2008 through the last day of Plaintiff's employment. (*Id*., at 3.) Defendant contends it will supplement these responses. (Doc. 164, 18.) To the extent it has not done so, it is now ordered to do so. Plaintiff's motion is **GRANTED** in regard to Interrogatories Nos. 1 and 3.

7. **Interrogatory No. 2.**

Finally, this Interrogatory asks Defendant to identify "all female employees who worked at the Kohl's Wichita West store" at any time from January 1, 2008, to December 31, 2010. (Doc. 150-3, at 2.) Defendant maintains that it need only identify female employees "who were subject to the same decision-makers as Plaintiff . . . ." (Doc. 164, at 18.) Because this Interrogatory relates to the specific store in which Plaintiff worked during a specific time period, the Court will not require the list of individuals to be limited to those female employees who were subjected to the same decision-makers as Plaintiff. Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 2.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 149) is **GRANTED in part** and **DENIED in part** as more fully set forth above. To the extent that supplemental responses and information are required by this Order, Defendant shall serve the same on Plaintiff within **thirty (30) days** of the date of this Order.

Dated at Wichita, Kansas, on this 29th day of May, 2014.

           S/ KENNETH G. GALE
           KENNETH G. GALE
           United States Magistrate Judge